**EL PASO COUNTY WATER IMPROVEMENT DISTRICT NUMBER 1, Plaintiff,**

v.

**INTERNATIONAL BOUNDARY AND WATER COMMISSION, UNITED STATES SECTION, et al., Defendants. (Two Cases)**

Nos. EP 88 CA 269, EP 88 CA 277 and EP 88 CA 269.

United States District Court,
W.D. Texas,
El Paso Division.

July 27, 1988.

Kenneth R. Carr, El Paso, Tex., for plaintiff.

Frederick M. Morgan, Jr., Trial Atty., Federal Programs Branch, Civ. Div. Dept. of Justice, Washington, D.C., Harold Atkinson, Asst. U.S. Atty., San Antonio, Tex., (Donna Darm, Office of Legal Advisor, U.S. Dept. of State, Washington, D.C., of counsel), for defendants.

AMENDED MEMORANDUM AND ORDER DENYING APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION AND DECLARATORY JUDGMENT

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND ORDER OF DISMISSAL

GARZA, Judge.

## I.

## BACKGROUND AND PROCEDURAL POSTURE

The Plaintiff in these consolidated actions is El Paso County Water Improvement District Number 1, a political subdivision of the State of Texas, organized under Article XVI, Section 59 of the Texas Constitution and under Chapter 55 of the Texas Water Code. Defendant International Boundary and Water Commission, United States Section (hereafter "IBWC/US") is a federal agency created in 1924 (*see* 22 U.S. C. § 277), to which the Secretary of State has delegated, where appropriate, authority to administer water rights treaties between the United States and Mexico. Defendant, Dr. Narendra Gunaji is sued in his official capacity as the Commissioner of that agency.

On June 30, 1988 Plaintiff obtained a temporary restraining order against defendants IBWC/US and Gunaji in the 24th District Court of El Paso County, Texas, cause number 88–6625. The petition for a temporary restraining order and preliminary and permanent injunction contains no certification that plaintiff made any attempt to notify the United States of its intention to obtain a restraining order against it, and Defendants apparently were notified of that fact only after the temporary restraining order was entered. On July 7, 1988 Defendants removed the action to this Court, where it was docketed as cause number EP 88 CA 269.

In the removed action Plaintiff complains that Defendant Gunaji, as Commissioner for the United States Section of the IBWC, has announced his intention to enter into an agreement with the Commissioner of the Mexican Section to allow Mexico to:

> commingle some or all of its water with water owned by Plaintiff in the channel of the Rio Grande below the Acequia Madre and to permit Mexico to divert such water from the Rio Grande at the vicinity of the Riverside Diversion Dam.

Plaintiff's Original Petition for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, p. 6.

In Plaintiff's state court petition Plaintiff predicated its cause of action on its claim that such an agreement would be in direct contravention of a treaty between the United States and Mexico, the Convention of 1906 (Distribution of Waters of Rio Grande), May 21, 1906, 34 Stat. 2953, Treaty series 455 ("1906 Convention"). Plaintiff cited no basis for jurisdiction in the 34th District Court of El Paso County, Texas, nor did the 34th District Court note any basis for jurisdiction when it issued its temporary restraining order. That order required the IBWC/US and Commissioner Gunaji to:

> cease and desist from directly or indirectly approving, executing, authorizing, negotiating, and/or implementing any agreement with the Commissioner or any other representative of the Mexican Section of the International Boundary and

Water Commission which would purport to authorize or allow the Republic of Mexico ... to claim any right to any water found in the Rio Grande between the head works of the Acequia Madre and the Riverside Diversion Dam and/or to divert or redivert or claim any right to divert or redivert any such water at the Riverside Diversion Dam or at any place above Fort Quitman, Texas, other than 'at the point where the head works of the Acequia Madre, known as the Old Mexican Canal,' existed above the Cuidad Juarez, Mexico in 1906.

Temporary Restraining Order, June 30, 1988, at 4–5. This Court holds that the state court lacked jurisdiction to enter such an order.

On July 8, 1988, Plaintiff filed its Original Complaint for Temporary Injunction, Declaratory Judgment and Permanent Injunction in this Court. This second cause of action was docketed as cause number EP 88 CA 277. In that action Plaintiff re-asserts its claim that the intended agreement between the United States and Mexican Sections of the Commission would be in direct contravention of the 1906 Convention, and adds a claim that the agreement "would constitute a taking of Plaintiff's property rights without [sic] color of law and without due process of law." Plaintiff requests that this Court also enter judgment declaring:

that the Republic of Mexico has waived any and all claims to any waters of the Rio Grande for any purpose whatever between the head of the Acequia Madre, north of the City of Juarez, and Fort Quitman, Texas; that Plaintiff is the owner of all waters found or to be found in the channel of the Rio Grande below the head of the Acequia Madre and above the site of the Riverside Diversion Dam; that any agreement whereby Defendants purport to authorize the Republic of Mexico, its citizens, inhabitants, corporations, or any other persons or entities within the Republic of Mexico to commingle waters claimed by the Republic of Mexico in the channel of the Rio Grande below the head of the Acequia Madre and/or to divert or remove water from

the channel of the Rio Grande below the head of the Acequia Madre and at or above the site of the Riverside Diversion Dam would deprive Plaintiff and its constitutents and taxpayers of vested property rights and would be in contravention of the Treaty of May 21, 1906; that such an agreement would interfere with the ability of the United States Department of Interior, Bureau of Reclamation, to fulfill its contractual commitments to deliver water to Plaintiff; and that Defendants lack the authority to enter into any such agreement.

Plaintiff's Original Complaint for Temporary Injunction, Declaratory Judgment, and Permanent Injunction, filed July 8, 1988 in cause number EP 88 CA 277, p. 10. Plaintiff also added George P. Schultz, Secretary of State, as a defendant, sued in his official capacity.

Cause number EP 88 CA 269 and EP 88 CA 277 have been ordered consolidated under cause number EP 88 CA 269. They are presently before the Court on Plaintiff's requests for injunctive and declaratory relief and on Defendants' motion to dismiss under Rule 12(b)(6), FED.R.CIV.P.

## II.

### FEDERAL QUESTION JURISDICTION

Plaintiff asserts federal question jurisdiction under 28 U.S.C. § 1331. That statute confers jurisdiction on district courts in "all civil actions arising under the Constitution, laws, or treaties of the United States."

### A.

### PLAINTIFF HAS STATED NO CLAIM FOR RELIEF UNDER THE CONSTITUTION

Plaintiff's claim that Defendants' intended actions will deprive it of property without due process of law must be dismissed. The Fifth Amendment's guarantee that no person shall be deprived of property without due process of law is inapplicable to Plaintiff. The Supreme Court has ruled that

[t]he word "person" in the context of the Due Process Clause of the Fifth Amendment cannot, by any reasonable mode of interpretation, be expanded to encompass the States of the Union....

*State of South Carolina v. Katzenbach*, 383 U.S. 301, 323–24, 86 S.Ct. 803, 816, 15 L.Ed.2d 769 (1966). Defendants' Motion to Dismiss Plaintiff's Fifth Amendment Claim pursuant to Rule 12(b)(6), FED.R.CIV.P., will be granted.

## B.

### PLAINTIFF HAS STATED NO CLAIM FOR RELIEF UNDER THE 1906 CONVENTION

■ A United States treaty is a contract with another nation which under Art. VI, Cl. 2 of the Constitution becomes a law of the United States. *United States v. Reid*, 73 F.2d 153, 155 (9th Cir.1934), *cert. denied*, 299 U.S. 544, 57 S.Ct. 44, 81 L.Ed. 400 (1936). The 1906 Convention is a treaty. This in and of itself, however, does not make the instant action one "arising under" a treaty of the United States within the contemplation of 28 U.S.C. § 1331.

Defendants have appropriately referred the Court to *Foster v. Neilson*, 27 U.S. (2 Pet.) 253, 7 L.Ed. 415 (1829) and its progeny. Since *Foster*,

[c]ourts have ... held consistently that only treaties with a specific provision permitting a private action, or one to be clearly inferred, may suffice as the basis for federal jurisdiction. Otherwise, no cause of action is stated and no federal law applicable to the claim presented.

*Hanoch Tel–Oren v. Libyan Arab Republic*, 517 F.Supp. 542, 546 (D.D.C.1981) (collecting cases), *aff'd*, 726 F.2d 774 (D.C.Cir. 1984), *cert. denied*, 470 U.S. 1003, 105 S.Ct. 1354, 84 L.Ed.2d 377 (1985).

Plaintiff alleges in its Original Complaint for Temporary Injunction, Declaratory Judgment, and Permanent Injunction that:

[i]n 1906 and 1908, the waters stored in the Elephant Butte and Caballo Reservoirs were appropriated by the United States Department of the Interior, pursuant to laws initially enacted by the Territory of New Mexico. The rights created by these appropriations have been assigned in part to the District for use by owners of water rights lands. More particularly, the United States has, for valuable consideration, assigned all of the its [sic] rights to Project Water in the channel of the Rio Grande between the head of the Acequia Madre and the site of the Riverside Diversion Dam to Plaintiff.

Original Complaint, p. 7.

By Plaintiff's own admission, the riparian rights it seeks to protect arise not from the 1906 Convention, which confers no rights on Plaintiff, but, rather, from assignments to Plaintiff by the United States. The treaty contains no "specific provision permitting a private action, or one to be clearly inferred." *Hanoch Tel–Oren*, 517 F.Supp. at 546. Since Plaintiff's claim does not "arise under" the 1906 Convention, this Court has no § 1331 jurisdiction of Plaintiff's claim as a civil action arising under a treaty.

Plaintiff's reliance on *Hidalgo County Water Control and Improvement District No. 7 v. Hedrick*, 226 F.2d 1 (5th Cir.1955), *cert. denied*, 350 U.S. 983, 76 S.Ct. 469, 100 L.Ed. 851 (1956) in support of jurisdiction is misplaced. In that case the Court explained that:

if we should adopt the plaintiffs' theory of the construction of the treaty the *result would be a holding that by the treaty the plaintiffs had acquired property rights which they did not have before* ....

*Id.* at 6 (emphasis added).

The Court held that the treaty involved: apportion[ing] the water of the Rio Grande and allocat[ing] the share that might be diverted and used on each side of the river, *but without making or intending to make any provision as to how or by whom the water so apportioned and allocated should be used upon being diverted.*

*Id.* at 7.

The Court of Appeals upheld the District Court's dismissal of the plaintiffs' claims for lack of subject matter jurisdiction and for failure to state a claim after rejecting

the plaintiffs' view that the treaty conferred rights on them. Similarly, in this case plaintiff has failed to demonstrate that the treaty under which it claims its rights arise does, indeed, confer rights upon it. *Hedrick* supports Defendant's position that Plaintiff's claims do not "arise under" a treaty and that, therefore, no § 1331 jurisdiction exists.

## III.

## THE DECLARATORY JUDGMENT ACT AFFORDS NO INDEPENDENT JURISDICTIONAL BASIS

■ Plaintiff's request for a declaratory judgment cannot serve as a basis for jurisdiction. The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes ..., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201 (emphasis supplied). It is clear from the face of the statute that the Court may issue declaratory judgments only in cases of which it has an independent jurisdictional basis.

## IV.

## ASSUMING SUBJECT MATTER JURISDICTION EXISTS, INJUNCTIVE RELIEF IS PROPERLY DENIED

It is clear to the Court that it would be improper to grant the injunctive relief requested even if the Court had subject matter jurisdiction of this action. Although not conclusive, the meaning attributed to treaty provisions by the government agencies charged with their negotiation and enforcement is entitled to great weight. *Sumitomo Shoji America, Inc. v. Avagliano*, 457 U.S. 176, 184–85, 102 S.Ct. 2374, 2379, 72 L.Ed.2d 765 (1982) (*citing Kolov-*

*rat v. Oregon*, 366 U.S. 187, 194, 81 S.Ct. 922, 926, 6 L.Ed.2d 218 (1961)). This Court's role

> is limited to giving effect to the intent of the Treaty parties. When the parties to a treaty both agree as to the meaning of a treaty provision, and that interpretation follows from the clear treaty language [this court] must, *absent extraordinarily strong contrary evidence*, defer to that interpretation.

*Id.*, 457 U.S. at 185, 102 S.Ct. at 2379 (footnote omitted) (emphasis added).

In this case the State Department of this country has approved the challenged agreement between the United States and Mexican Sections of the IBWC. This approval was based, in part, upon the opinion of the State Department Legal Advisor's Office that the proposed plan is not inconsistent with the 1906 Convention. Declaration of Michael G. Kozak, Principal Deputy Assistant Secretary of State for Inter–American Affairs, July 11, 1988, p. 3. An exchange of diplomatic notes between the United States and Mexico show that neither country views the proposed plan for temporary diversion of Mexican waters, which allows for joint monitoring, measurement determination and accounting by the two governments so that Mexico may be properly charged for any losses of Mexican waters due to conveyance in the river channel (Declaration of George Baumli, July 12, 1988), as in any way altering the rights and obligations of the parties to the 1906 Convention. U.S. Embassy Note 1271, dated June 24, 1987, to the Ministry of Foreign Affairs of the Mexican Government and Note No. 10 00286, from the Secretariat of Foreign Relations of Mexico to the United States of America, dated June 20, 1988, attachments to Kozak Declaration.

■ After considering the language of the 1906 Convention, the arguments of counsel, and the declarations and affidavits filed by the parties, this Court fails to find "extraordinarily strong evidence" which would lead it to take a view contrary to that of the governments of the United States and Mexico. Plaintiff has not demonstrated even a substantial likelihood of success on the merits, much less met the

heightened test imposed when requested injunctive relief deeply intrudes into the core concerns of the executive branch. *Sampson v. Murray,* 415 U.S. 61, 83–84, 94 S.Ct. 937, 950, 39 L.Ed.2d 166 (1974). *See V.N.A. of Greater Tift County, Inc. v. Heckler,* 711 F.2d 1020, 1034 (11th Cir. 1983) (interpreting *Sampson v. Murray,* to require, in cases intruding into core concerns of the executive branch, a heightening of all four factors to be considered when determining whether injunctive relief is appropriate, including a showing of virtual certainty of success on the merits) and *Adams v. Vance,* 570 F.2d 950, 955 (D.C. Cir.1978) (if a request for injunctive relief in cases of foreign affairs and international agreements are justiciable at all, party seeking relief must make "an extraordinarily strong showing to succeed."). Plaintiff so clearly falls short of meeting its extraordinary burden as to this factor—just one of four to be considered—that the Court considers it unnecessary to address the remaining factors (irreparable harm to Plaintiff, potential harm to Defendant by injunction and the public interest).

## V.

### ORDERS

The temporary restraining order entered on June 30, 1988 by the 34th District Court for El Paso County, Texas has expired as a matter of law. Rule 680, Texas Rules of Civil Procedure. There is, therefore, no need to vacate that order.

Plaintiff's Application for Preliminary and Permanent Injunction and a Declaratory Judgment are DENIED.

It is further ORDERED that Defendants' Motion to Dismiss these consolidated causes of action is GRANTED. Causes of action EP 88 CA 269 and EP 88 CA 277 are hereby DISMISSED for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

IT IS SO ORDERED.