Sebastiao Fortunato **FILHO, et al.**

v.

**POZOS INTERNATIONAL DRILLING SERVICES, INC., et al.**

Christina Santanna **DA SILVA, et al.**

v.

**POZOS INTERNATIONAL DRILLING SERVICES, INC., et al.**

Civ. A. Nos. H–86–3068, H–86–3380.

United States District Court, S.D. Texas, Houston Division.

June 2, 1987.

John H. Bennett, Jr., Barbara A. Clark, Gilpin, Pohl & Bennett, Houston, Tex., for plaintiffs.

G. Byron Sims, Brown, Sims, Wise & White, Houston, Tex., for Pozos Intern. Drilling Services.

Louis E. McCarter, Houston, Tex., for Halliburton Co. et al.

Donald B. McFall, Cook, Davis & McFall, Houston, Tex., for Dresser Industries, Inc.

John H. Boswell, Boswell & Hallmark, Houston, Tex., for other defendants.

## MEMORANDUM OPINION AND ORDER

HITTNER, District Judge.

Pending before this Court is Plaintiffs' Motion to Remand. Having considered that motion, the submissions of the parties, the argument of counsel, and the applicable law, the Court is of the opinion that Plaintiffs' motion should be granted and that the above-captioned actions should be remanded to the 125th Judicial District Court of Harris County, Texas.

### PROCEDURAL AND FACTUAL BACKGROUND

The claims which are the basis of the actions before this Court arise out of a gas well blowout on an offshore drilling rig. The rig, owned by Petroleo Brasileira, S.A. (Petrobras), was being used to drill a well in the Enchova Field located approximately 53 miles off the coast of Brazil. Petrobas is the national oil company of Brazil and, as such, is an arm of the Brazilian government. When the blowout occurred, on or about August 16, 1984, a number of the Plaintiffs were injured or lost their lives on the rig. Several other Plaintiffs attempted to escape the rig by lifeboat. The lifeboat capsized on the high seas, killing several Plaintiffs and injuring others. The Plaintiffs, all Brazilian nationals, filed the above-captioned suit against Defendants, who are allegedly the rig operators, and suppliers of services and materials to the rig.[1] Plaintiffs seek damages under Texas state law for the alleged deaths and personal injuries resulting from the blowout and the subsequent evacuation of the rig.

This case involves two lawsuits consolidated by court order dated September 15, 1986. The lawsuits, styled *Sebastiao Fortunato Filho, et al. v. Pozos International Drilling Services, Inc., et al.* (Filho) and *Christina Santanna Da Silva, et al. v. Pozos International Drilling Services, Inc., et al.* (Da Silva), were originally filed in the 125th Judicial District Court of Harris County, Texas. Both cases were timely

---

1. In addition to the suits which are the subject of this order, the above-named Plaintiffs have filed an action arising out of the same facts in the 151st Judicial District Court of Harris County, Texas, against Petrobras. Petrobras is not a Defendant in the actions before this Court.

removed to federal court pursuant to 28 U.S.C. § 1446(b), without waiver of Defendants' Fed.R.Civ.P. 12(b) defenses, including lack of in personam jurisdiction, insufficiency of process and service of process, as well as a reservation of the right to move for transfer or dismissal of this action based on the inconvenience of the forum.

■ All Defendants, with the exception of Koomey, Inc., joined in the removal of the above-captioned cases. Koomey, Inc. is presently in Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas and is subject to an automatic stay pursuant to the bankruptcy laws of the United States. 11 U.S.C. § 362 (1982). A defendant in bankruptcy need not be joined in the removal petition. *Consumers Distributing Co., Ltd. v. Tele-Save Merchandising Co.*, 553 F.Supp. 974, 976 (D.N.J.1982). Thus, all Defendants required to join in removal in the instant case have done so.

### ASSERTED GROUNDS FOR REMOVAL

The Filho action was originally removed to federal court on the ground of diversity jurisdiction. Although a nondiverse party, Pozos Perfuracoes LTDA, had been named, it had not been served and did not initially join in the removal. After the subsequent service of Defendant Pozos Perfuracoes LTDA and its mandatory joinder, Defendants supplemented their removal petition for the Filho action by asserting federal question jurisdiction based upon the Death on the High Seas Act (DOHSA), 46 U.S.C. § 761, *et seq.*[2] Likewise, the removal of the Da Silva case is premised on federal question pursuant to DOHSA.[3]

Only Texas state law grounds were pleaded by Plaintiffs. Defendants deny that American law is applicable to this case and claim that Brazilian law controls. However, Defendants correctly contend that if American law is applicable, this action, as it pertains to those Defendants who lost their lives on the high seas, should

2. This Court notes that the original removal of the Filho action on diversity grounds was improper. The United States Supreme Court has held that the party that has been named but not served may not be ignored for the purpose of determining diversity removal jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 541, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939). The *Pullman* decision was rendered prior to the addition in 1948 of the language of § 1441(b), which provides: "Any other such action shall be removable only if none of the parties in interest properly joined *and served* as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b) (1982) (emphasis added). Although some courts have questioned whether this language should alter the *Pullman* holding, with few exceptions, the courts have continued to follow *Pullman*. *See, e.g., Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983); *Preaseau v. Prudential Ins. Co.*, 591 F.2d 74, 78–79 (9th Cir.1979); *Castner v. Exxon Co.*, 563 F.Supp. 684, 687 (E.D.Pa.1983); *Schwegmann Bros. Giant Super Markets, Inc. v. Pharmacy Reports, Inc.*, 486 F.Supp. 606, 614 (E.D. La.1980). This language in section 1441(b) should properly be read as predicated on the initial compliance with 28 U.S.C. § 1441(a), i.e. the suit must be originally cognizable in federal court. To construe it otherwise "would court needless jurisdictional problems." 1A *Moore's Federal Practice* ¶ 0.168 at 552–54 (2d ed. 1983).

In the Filho case, the removal, although initially improper, was supplemented to add the existence of a federal question as a ground for removal. It is not clear whether this supplementation occurred beyond the 30-day limitation for removal to federal court, as neither the original petition nor the supplemental petition indicates the date of service upon the originally removing Defendants. The Court notes that a removing defendant may freely amend within the 30-day period allowed for removal. However, after the 30-day period for seeking removal, a petition may be amended only to set out more specifically grounds for removal that have already been stated, not, as in the instant case, to state a different ground for removal which, if legitimate, had been available at the time of initial removal. *Mason v. International Business Machines, Inc.*, 543 F.Supp. 444, 446 (M.D. N.C.1982); *Crawford v. Fargo Manufacturing Co.*, 341 F.Supp. 762, 763 (M.D.Fla.1972); 14 A.C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3733 at 537–38. Thus, in the Filho case, if Defendants' supplement stating federal question jurisdiction occurred more than 30 days after service of the originally removing defendant, an independent cause for remand exists.

3. Additionally, Defendants contend that, because the DOHSA claims are removable, those admiralty claims not grounded in death on the high seas, while otherwise nonremovable, may be removed as separate and independent claims. 28 U.S.C. § 1441(c) (1982). Because the Court holds that a DOHSA claim is not removable as a federal question, it does not address this contention.

properly have been brought pursuant to DOHSA.

In their state court pleadings, those Plaintiffs whose decedents were killed allege causes of action under the Texas wrongful death and survival statutes. Tex.Civ.Prac. & Rem.Code, Ann., §§ 71.002, 71.021 (Vernon 1986). Those Plaintiffs have further alleged that death occurred in international waters surrounding the platform.

The United States Supreme Court recently held that DOHSA provides the exclusive wrongful death remedy where death occurs beyond the three-mile territorial waters of a state. *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986). Those Plaintiffs whose decedents were killed on the "high seas" thus should properly have couched their claims in terms of DOHSA violations. Although Plaintiffs did not plead their wrongful death action under DOHSA, Defendants contend that the "artful pleading doctrine" prevents Plaintiffs from defeating removal to federal court by casting an exclusively federal claim in terms of state law. Defendants urge that, pursuant to that doctrine, where it appears that the Plaintiffs have framed their pleadings with the design of avoiding removal, the Court should look beyond the allegations of the pleadings to the underlying facts and determine whether Plaintiffs might arguably recover against the Defendants on the claims as pleaded. Where, as in the cases before us, Plaintiffs could not recover on state law grounds but only pursuant to an exclusive federal law remedy, Defendants argue that the Court should pierce Plaintiffs' pleadings, and recast them for purposes of removal in the form in which they should properly have been presented.

█ While it is true that a plaintiff may not by artful pleading, fraudulently defeat federal question removal, the Fifth Circuit has held that the "artful pleading doctrine" must be applied in conjunction with the "well-pleaded complaint" rule. The latter doctrine provides:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the juris-

dictional statute ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.

*Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914). *See also Franchise Tax Bd. of the State of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). Even though the artful pleading doctrine has been invoked, the Fifth Circuit has held that, when in effect what a defendant is doing is raising a defense of preemption, the well-pleaded complaint doctrine prevents the assertion of "arising under" jurisdiction and the subsequent removal to federal court on federal question grounds. *Powers v. South Central United Food & Commercial Workers Unions,* 719 F.2d 760 (5th Cir.1983). Thus, in *Powers,* where the plaintiff, a participant in an employee health and welfare plan alleged no federal cause of action, raised no federal issue, and relied on no federal statute, but sought relief only based on the Texas Deceptive Trade Practices—Consumer Protection Act, negligence, and fraud, the court held that removal on federal question jurisdiction was improper, even though the defendant raised the artful pleading doctrine and asserted in its removal petition that the state claims were preempted by an exclusive federal remedy, the Employment Retirement Income Security Act of 1974 (ERISA). *Id.* at 766.

On the other hand, the Fifth Circuit has recognized that a too rigid application of the well-pleaded complaint doctrine should not be permitted to aid a plaintiff's attempt to circumvent federal jurisdiction. Consequently, following the United States Supreme Court, the Fifth Circuit held that removal was proper where the defendant asserted federal question jurisdiction on the ground that the plaintiff's action should properly have been brought pursuant to

the Labor Management Relation Act (LMRA), 29 U.S.C. § 141 *et seq.* (1982). "[I]f a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Eitmann v. New Orleans Public Service, Inc.,* 730 F.2d 359, 366 (5th Cir.1984) (quoting *Franchise Tax Board, supra,* 463 U.S. at 24, 103 S.Ct. at 2854).

This Court need not reach the issue of whether the cases before it fall within the holding of the *Powers* case in that Defendants are merely asserting a preemptive defense, or whether DOHSA constitutes a total preemption akin to the LRMA. Even were this Court to hold that DOHSA does constitute such a total preemption and construe this action as one arising under DOHSA, this Court would be unable to acquire federal question removal jurisdiction over a DOHSA claim.

## REMOVABILITY OF DOHSA CLAIM

■ Plaintiffs correctly argue that, assuming their action was properly brought as a DOHSA claim, the statute grants only admiralty jurisdiction and is therefore nonremovable once brought in state court.[4] This Court agrees with the Plaintiffs, but follows a slightly different path of analysis in reaching that conclusion.

Plaintiffs rely on *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959) to support their position that an admiralty action, even if brought pursuant to federal statute, is not a federal question and therefore is not removable from state court. *Romero,* however, which was decided before the merger of admiralty and law in the federal court, stands only for the now well-established proposition that a federal common law admiralty claim falls only within the area of admiralty jurisdiction and is not a claim arising at law under the Constitution, laws, or treaties of the United States. *Romero, supra* at 368, 79 S.Ct. at 478. The *Romero* case does, to the contrary, support Defendants' position, that, certain federal statutes, although maritime in nature, confer both admiralty and federal question jurisdiction. *Romero, supra* at 371 and n. 28, 79 S.Ct. at 479 and n. 28; *See, e.g.,* The Jones Act, 46 U.S.C. § 688 (1982). Defendants rely upon a recent Fifth Circuit decision, *Azzopardi v. Ocean Drilling & Exploration Co.,* 742 F.2d 890 (5th Cir.1984), to support their contention that DOHSA is such a statute. This Court finds that *Azzopardi* does not lend conclusive support to the Defendants' position.

*Azzopardi* involved a suit brought in state court by a British citizen initially solely against a Delaware corporation with its principal place of business in Louisiana. The action brought pursuant to DOHSA, the Jones Act, 46 U.S.C. § 688, and general maritime law, was properly removed to federal court based on diversity jurisdiction. Thereafter, Azzopardi filed an amended complaint, restating his DOHSA cause of action and adding as a Defendant Comex Diving, Ltd., a British corporation. Azzopardi moved that the case be remanded to state court on the grounds that this was no longer a case involving diversity of citizenship and the Court had acquired no jurisdiction over the DOHSA claim.[5]

In *Azzopardi,* the issue addressed by the Court was not whether the DOHSA claim constituted a federal question and was thus removable even though it is an admiralty action. Rather, the court was concerned

---

**4.** Although DOHSA is the exclusive remedy for a wrongful death on the high seas, jurisdiction over DOHSA actions does not lie exclusively in the federal court. Consequently, this action was correctly brought in state court. *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 106 S.Ct. 2485, 2494, 91 L.Ed.2d 174 (1986).

**5.** The destruction of diversity would not have mandated remand, as actions subsequent to the establishment of removal jurisdiction cannot defeat that jurisdiction. *See In re Carter,* 618 F.2d 1093, 1101 (5th Cir.1980), *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981). Remand, however, would have been within the discretion of the trial judge had the court not acquired jurisdiction over the DOHSA claim because the case would have then involved only state causes of action between nondiverse parties. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

about the ability of the federal court to acquire jurisdiction over the DOHSA claim because, at the time of the *Azzopardi* decision, it was believed that DOHSA might be a statute over which the federal courts had exclusive jurisdiction and was thus improperly brought in state court.[6] Pursuant to then existing law, the federal courts could acquire no removal jurisdiction over such an action since removal jurisdiction is derivative, and the state court could not have acquired initial jurisdiction of an exclusively federal action over which the state court never had jurisdiction.[7] *Cacioppe v. Superior Holsteins III, Ltd.*, 650 F.Supp. 607, 608 n. 2 (S.D.Tex.1986).

The *Azzopardi* court noted first that the action had been properly removed. Contrary to Defendants' position, the Court was not implying that a DOHSA claim could be removed as a federal question, but was referring to the fact that, at the time of removal, total diversity existed.

The court assumed that the state court had never acquired jurisdiction over the DOHSA claim, but held that the DOHSA claim was properly before the federal court because, subsequent to the proper removal of the state court case, the DOHSA claim was repleaded in the federal court. Once the diversity action was properly in federal court, jurisdiction over the DOHSA claim, even though not acquired through removal, could be obtained through the Amended Complaint as an admiralty case initially brought in federal court. The court never reached the issue of whether a DOHSA claim, although an admiralty action, is removable as a federal question. *Azzopardi* is thus not precedent for the removability of a DOHSA claim.

Defendants additionally rely upon *Giacona v. Capricorn Shipping Co.*, 394 F.Supp. 1189 (S.D.Tex.1975), to support their contention that DOHSA claims are properly removable from state court. In *Giacona* the court held that a federal statutory maritime action could be removed on the basis of federal question jurisdiction only if it could be found that in passing the Act Congress intended to abrogate the traditional maritime remedy and to establish in its place an entirely new cause of action. *Id.* at 1191–92. The *Giacona* court, evaluating the Longshoremen's and Harborworkers' Act, 33 U.C.C. §§ 901–950, failed to find such an intent in either the language of that statute or the legislative history, but found that Congress's intent was to preserve the preexisting negligence remedy. *Id.* at 1192.

Defendants assert that the *Giacona* analysis should be applied to DOHSA. Defendants contend that, unlike the Longshoremen's and Harborworkers' Act, DOHSA is removable because it creates rights different and distinct from traditional maritime common law, thus evidencing Congressional intent to establish a wholly new cause of action. Defendants contend that DOHSA, rather than merely codifying the preexisting general maritime negligence remedy, as the *Giacona* court found the Longshoremen's and Harborworkers' Act to do, creates a new statutory action for wrongful death that did not exist at general maritime common law.

Defendants' argument fails for two reasons. First, the Longshoremen's and Harborworkers' Act also includes a remedy for wrongful death. 33 U.S.C. § 909 (1982). It must be assumed that, in evaluating the removability of the Longshoremen's and Harborworkers' Act, the *Giacona* court considered this fact and did not find it a sufficient indication of congressional intent to create an entirely new federal remedy.

Second, the Longshoremen's and Harborworkers' Act contains no explicit language stating whether the statute is intended to

6. That belief was subsequently dispelled by the Supreme Courts holding in *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986).

7. This difficulty has since been remedied by 28 U.S.C. § 1441(e), which provides: "The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the state court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(e) (1986).

be at law or in admiralty.[8] Thus, the court was required to make examination of the Legislative history of the Act in order to determine congressional intent. DOHSA, to the contrary, expressly states:

> Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any state, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, *in admiralty*, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued.

46 U.S.C. § 761 (1982) (emphasis added). Thus, in determining congressional intent regarding the removability of DOHSA claims, the Court need look no further than the language of the statute. *City of Madison v. Bear Creek Water Assoc., Inc.*, 816 F.2d 1057, 1057–59 (5th Cir.1987). This Court agrees with the District of Columbia and the New York district courts which have held that a claim pursuant to DOHSA fails to invoke federal question jurisdiction. *See Pain v. United Technologies Corp.*, 637 F.2d 775, 781 (D.C.Cir.1980), *cert. denied*, 459 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981); *Ying Shiue Jyu Fen v. Sanko Kisen (U.S.A.) Corp.*, 441 F.Supp. 45, 47 (S.D.N.Y.1977).

In summary, the Court concludes that a DOHSA claim brought in state court is not removable to federal court as a federal question. Therefore, this action was removed improvidently and without jurisdiction and, pursuant to 28 U.S.C. § 1447(c) (1982), must be remanded. It is therefore

ORDERED that Plaintiffs' Motion to Remand be, and is hereby, GRANTED, and that the above-captioned actions be RE-MANDED to the 125th Judicial District Court of Harris County, Texas, from which they were removed.

---

**8.** The Longshoremen's and Harborworkers' Act in fact contains language *suggesting* that Congress might have intended it to be an action at law as well as in admiralty. *See* 33 U.S.C. §§ 905(a), 913(d), 948. The *Giacona* court, however, did not find this language sufficiently expressive of a desire to create federal question jurisdiction. *Giacona, supra* at 1192 ("No sure intention is shown by ... the language of the statute....").