Linda PHILLIPS, et al., Plaintiffs,

v.

OFFSHORE LOGISTICS,
et al., Defendants.

Civ. A. No. G–92–14.

United States District Court,
S.D. Texas,
Galveston Division.

March 9, 1992.

Jack W. London, Law Offices of Jack W. London & Associates, Tommy Jacks, Mithoff & Jacks, Austin, Tex., Glenn Vickery, Glenn Vickery & Associates, Baytown, Tex., for plaintiffs.

Kent E. Westmoreland, Phelps Dunbar, Winstol D. Carter, Jr., Fulbright & Jaworski, Houston, Tex., for defendants.

ORDER

KENT, District Judge.

On this date came on to be heard Plaintiffs' Motion to Remand (Instrument # 7), and Defendant Bell Helicopter Textron Inc.'s Motion to Dismiss (Instrument # 3), together with all relevant Responses. The Plaintiffs filed this case in state court to

recover damages for the alleged wrongful death of Charles Phillips who was killed in a helicopter crash approximately 25 miles off the coast of Louisiana. The Defendants removed the case to this Court alleging that the Plaintiffs' only remedy is under the Death on the High Seas Act (DOHSA), 46 U.S.C.App. § 761 *et seq.*, thereby bringing this case within the Court's federal question jurisdiction, 28 U.S.C. § 1331, and removal jurisdiction, 28 U.S.C. § 1441.

MOTION TO REMAND

The United States Supreme Court has held that DOHSA provides the exclusive remedy for wrongful deaths occurring on the high seas. *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 232, 106 S.Ct. 2485, 2499, 91 L.Ed.2d 174 (1986). It is clear from the Memorandum supporting the Plaintiffs' Motion to Remand that the Plaintiffs do not seriously dispute this conclusion. The Plaintiffs do, however, cite the *Tallentire* case for the proposition that DOHSA cases filed in state court are not removable. The Court respectfully disagrees with the Plaintiffs' argument.[1]

Nowhere in the *Tallentire* opinion does the Supreme Court hold that DOHSA cases cannot be removed from state court. In fact, the Supreme Court's most instructive holding in *Tallentire*, in terms of the instant case, is that federal and state courts have *concurrent jurisdiction* over DOHSA cases. *Id.* 28 U.S.C. § 1441(a) provides:

*Except as otherwise expressly provided by Act of Congress*, ANY civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(Emphasis added). The Fifth Circuit has expressly addressed the propriety of removal where the federal and state courts have concurrent jurisdiction. "Unless ... there is an express declaration by Congress to the contrary, *all types of civil actions,* in which there is concurrent original jurisdiction in both federal and state courts, are removable." *Baldwin v. Sears, Roebuck and Co.*, 667 F.2d 458, 460 (5th Cir.1982) (emphasis added). It is undisputed that the Plaintiffs could have originally brought a DOHSA action in federal court. 46 U.S.C.App. § 761 ("the personal representative of the decedent may maintain a suit for damages in the district courts of the United States"). Therefore, because the Supreme Court has determined that federal and state courts have concurrent jurisdiction over DOHSA cases, the Fifth Circuit has held that all cases providing for concurrent jurisdiction are removable, and Congress has not made an express declaration barring removal of DOHSA cases, the Court is of the opinion that this DOHSA cause of action was properly removed pursuant to 28 U.S.C. § 1441.

The Court expressly acknowledges that the present decision directly contradicts the opinion in *Filho v. Pozos Intern. Drilling Services, Inc.*, 662 F.Supp. 94, 100 (S.D.Tex.1987), where another court in the Southern District of Texas held that DOHSA cases could not be removed from state court. While this Court seeks guidance from the courts of the Southern District in all applicable circumstances, the Court feels obligated to follow its own path whenever it determines a legal or factual distinction. By holding that federal and state courts have concurrent jurisdiction over DOHSA cases, *Tallentire*, 477 U.S. at 232, 106 S.Ct. at 2499, the Supreme Court necessarily concluded that DOHSA invokes the federal question jurisdiction of the federal courts, and this Court therefore feels compelled to diverge from the *Filho* opinion.

MOTION TO DISMISS

Defendant Bell Helicopter Textron Inc.'s Motion to Dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief

---

1. The Court also sees no merit in the Plaintiffs' position that this case should be remanded because all the Defendants have not properly joined in the removal. The Notice of Removal clearly states that all Defendants join in the Removal, and the Notice of Removal is signed by counsel for all Defendants. The Court finds that the Notice of Removal complies with the requirements of 28 U.S.C. § 1446 in all respects.

can be granted. Bell alleges that, because DOHSA provides the only remedy for a death on the high seas, and the Plaintiffs have not pled a DOHSA cause of action, this case should be dismissed. The Plaintiffs respond that, in the event the Court denies their Motion to Remand, they should be given the opportunity to amend their pleadings in order to properly state a DOHSA claim. The Court agrees with the Plaintiffs and, pursuant to Federal Rule of Civil Procedure 15, will permit them to amend their pleadings so that the appropriate DOHSA cause of action is alleged.

CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion to Remand is HEREBY DENIED, and Defendant Bell's Motion to Dismiss is HEREBY DENIED. The Plaintiffs are HEREBY ORDERED to amend their Complaint within 30 days of this Order.

IT IS SO ORDERED.