United States Court of Appeals,

Fifth Circuit.

No. 91–3346.

AQUAFAITH SHIPPING, LTD., and Seven Seas Maritime, Ltd., Plaintiffs-Appellees,

v.

Eufemia R. JARILLAS, Individually, as personal representative of the Estate of Leopoldo L. Jarillas, etc., Defendant-Appellant.

June 24, 1992.

Appeals from the United States District Court for the Eastern District of Louisiana.

Before POLITZ, Chief Judge, WILLIAMS and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

This case requires us to decide whether the petition filed in state court contains a removable claim or cause of action separate and independent from a Jones Act claim. We hold that the petition states no removable claim or cause of action and therefore reverse the judgment of the district court. We also hold that the district court should have dismissed the declaratory judgment action because the federal action is identical to the previously filed state court case.

I.

This litigation started when Eufemia R. Jarillas, a Philippine domiciliary, filed a Petition for Damages and for Writ of Attachment in Louisiana state court. She is suing Aquafaith Shipping, Ltd. and Seven Seas Maritime, Ltd. (Cypriot and British corporations, respectively) under the Jones Act[1] and the general maritime law of the United States, alleging that her husband was killed while employed as a seaman on the M/V Alfa, a vessel owned and operated by those corporations. She also claims that Aquafaith and Seven Seas prevailed upon her, through unlawful overreaching, to settle the claim and release them from liability. She asks for punitive damages to deter them from such conduct in the future. The suit is brought by Mrs. Jarillas individually, as representative of her

[1] 46 U.S.C.App. § 688.

husband's estate, and as natural tutrix of the couple's minor children.

In response to her petition, Aquafaith and Seven Seas invoked the jurisdiction of the federal district court. They filed a petition for removal and a complaint for declaratory relief. Mrs. Jarillas moved to remand her action to state court and she asked that the district court dismiss the declaratory judgment action. The court held that the release claim is separate and independent from the Jones Act claim, that the release claim is within the jurisdiction of the federal courts because it is governed by the federal common law of foreign relations, and that the whole matter could therefore be removed under 28 U.S.C. § 1441(c). The court denied Mrs. Jarillas's motions to remand and dismiss. It then applied the doctrine of forum non conveniens and dismissed the entire case in favor of a Philippine forum. Mrs. Jarillas appeals.

## II.

We first address the issue of removability. The Jones Act allows a plaintiff to bring her action in state court without fear of removal to federal court. 46 U.S.C.App. § 688; 28 U.S.C. § 1445(a). Aquafaith and Seven Seas argue that Mrs. Jarillas's release claim is "separate and independent" from her Jones Act claim, that the receipt and release claim is within the jurisdiction conferred by 28 U.S.C. § 1331 (federal question jurisdiction), and that the entire case, including the Jones Act claim, may therefore be removed under 28 U.S.C. § 1441(c). Mrs. Jarillas controverts each of these three contentions.

We need not resolve any "potential conflict between § 1445(a) and § 1441(c)." *In re Dutile,* 935 F.2d 61, 62 (5th Cir.1991). The removal statute requires that the separate and independent claim be within our federal question jurisdiction. Regardless of whether Mrs. Jarillas's receipt and release claim is separate and independent from her Jones Act claim (a question on which we intimate no opinion), the release claim is not subject to federal question jurisdiction, as far as can be discerned from her state court petition.

Aquafaith and Seven Seas base their contrary contention on the following reasoning. The release signed by Mrs. Jarillas was filed with the Philippine Overseas Employment Administration, which among other things is charged with helping seamen and their families settle claims. Therefore, Aquafaith and Seven Seas conclude, this case will require a court "to pass on the validity of official acts of a foreign sovereign taken within its own territory." Orig. Br. of Appellees at 23. The court would find itself embroiled in the area of international relations, which is exclusively a matter of federal law. The federal courts have fashioned a federal common law to dispose of cases in this area. *See generally Banco Nacional de Cuba v. Sabbatino,* 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964); *Texas Indus. v. Radcliff Materials, Inc.,* 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981); *Republic of Philippines v. Marcos,* 806 F.2d 344 (2d Cir.1986). Aquafaith and Seven Seas argue that nothing less than the act-of-state doctrine is involved in this case.

Defense counsel's erudite arguments about the federal common law of foreign relations are foreclosed by the familiar well-pleaded complaint rule. For purposes of jurisdiction, we look only to the properly pleaded complaint or petition. *E.g., Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983) (citing *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–25, 58 L.Ed. 1218 (1914)); *Addison v. Gulf Coast Contracting Servs., Inc.,* 744 F.2d 494, 499 (5th Cir.1984). The court may have to examine pleadings filed by the defendant in order to determine whether the plaintiff's complaint is in fact "well pleaded." Thus, when a court performs its duty to verify that it has jurisdiction, it may be required to survey the entire record, including the defendant's pleadings, and base its ruling on the complaint, on undisputed facts, and on its resolution of disputed facts. *See Williamson v. Tucker,* 645 F.2d 404, 412–13 (5th Cir.1981), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); *Calvert v. Sharp,* 748 F.2d 861, 862–63 (4th Cir.1984), *cert. denied,* 471 U.S. 1132, 105 S.Ct. 2667, 86 L.Ed.2d 283 (1985), *overruled on other grounds by West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). *See generally* Fed.R.Civ.P. 12(b)(1). The purpose of this careful survey, however, is to shed light on the plaintiff's pleadings. The court's focus is on the plaintiff's pleadings,

not the defendant's.

A federal court is not confined to the letter of the petition. The court may find that the plaintiff's claims arise under federal law, even though the plaintiff has not characterized them as federal claims. Thus, if the petition purports to invoke state law but would actually be governed by federal law because of the *complete* preemption of state law, federal jurisdiction will attach. *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). Still, the court draws this conclusion from a close reading of the plaintiff's pleadings, not from defenses raised by the defendant. "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986).

Seven Seas and Aquafaith have not cited any exceptions to the well-pleaded complaint rule, and our research has uncovered only one. Federal officers may "overcome the "well-pleaded complaint' rule which would otherwise preclude removal even if a federal defense were alleged." *Mesa v. California,* 489 U.S. 121, 136–37, 109 S.Ct. 959, 968, 103 L.Ed.2d 99 (1989). This exception is provided by a specific jurisdictional statute. *Id.* at 136, 109 S.Ct. at 968 (construing 28 U.S.C. § 1442(a)). We have been unable to find any judge-made exceptions, nor are we sure that judges would have the power to create one. One district court in New York referred to the *Avco* holding as an exception,[2] but that holding is not truly an exception. *Avco* requires a court to examine the complaint. The court may reconstruct the plaintiff's legal theories, but the court looks only to the pleadings of the plaintiff.

No matter how closely we scrutinize Mrs. Jarillas's petition, we can find no hint of the federal common law of foreign relations. The complaint does allege that Mrs. Jarillas maintains her domicile

---

[2] *International Ass'n of Machinists & Aerospace Workers, Local Lodge No. 967 v. General Elec. Co.,* 713 F.Supp. 547, 551 (N.D.N.Y.1989).

in the Philippines, that corporations organized in foreign countries are involved, and that the collision which killed Mr. Jarillas occurred somewhere between New Orleans and the erstwhile Soviet Union. These allegations do not lift this case from the usual scaly context of maritime suits into the rarefied realm of foreign relations. We learn of the involvement of the POEA only from the pleadings of Aquafaith and Seven Seas. Without the information that we discover from their pleadings, the act-of-state doctrine and federal common law are not implicated.[3] We hold that Mrs. Jarillas's release claim is not subject to federal question jurisdiction and that her case should have been remanded to state court.

## III.

Having concluded that Mrs. Jarillas's case should have been remanded, we also hold that the declaratory judgment action should be dismissed. In the words of Mr. Justice Frankfurter, "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit" when the entire controversy is already being litigated in a state court that is capable of resolving the dispute. *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 495, 62 S.Ct. 1173, 1175–76, 86 L.Ed. 1620 (1942). "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id.* While we do not rule in favor of dismissing the federal action solely because the state court suit was filed first, prosecution of the federal action would be useless when the state court is adjudicating the same controversy, and dismissal is therefore appropriate. *See Employers' Liab. Assurance Corp. v. Mitchell,* 211 F.2d 441, 443 (5th Cir.), *cert. denied,* 347 U.S. 1014, 74 S.Ct. 869, 98 L.Ed. 1137 (1954). The state court might not apply the same doctrine of forum non conveniens as a federal court would, but this possibility does not change our result.

## IV.

For the foregoing reasons, the judgment of the district court is reversed. Both cases are

---

[3]We express no opinion on whether the federal common law would be implicated if Mrs. Jarillas's pleadings had contained all of the allegations included in those of Aquafaith and Seven Seas.

remanded to the United States District Court for the Eastern District of Louisiana, which should remand Mrs. Jarillas's suit for damages to the 29th Judicial District Court, Parish of St. Charles, Louisiana.  The declaratory judgment action of Aquafaith and Seven Seas should be dismissed.

REVERSED and REMANDED WITH INSTRUCTIONS.