Humberto **ARGANDONA,**
**et al., Plaintiffs,**

v.

**LLOYD'S REGISTRY OF SHIPPING, Sir Hugh Roderick Mac Leod and John William Hickman, members of Lloyd's Shipping Register; Lloyd's Register of Shipping Trust Corporation Limited; and Christopher Adams, Defendants.**

No. 92–1010–CIV.

United States District Court,
S.D. Florida.

Sept. 14, 1992.

Brett Rivkind, Rivkind & Pedraza, P.A., Miami, Fla., Healy & Baillie, New York City, for plaintiffs.

Richard M. Leslie, Shutts & Bowen, Miami, Fla., Gordon, Gordon & Tepper, P.C., New York City, for defendants.

NESBITT, District Judge.

This cause comes to the Court upon the Plaintiffs' motion to remand this action to the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida. After due consideration it is ORDERED and ADJUDGED as follows:

The Defendants petitioned for removal on May 4, 1992 pursuant to 28 U.S.C. §§ 1331 and 1441(b). Section 1331 bestows original jurisdiction on district courts in "all civil actions arising under the Constitution, treaties or laws of the United States." Section 1441(b) provides that "[A]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties." Relying on these sections, the defendants maintain that the complaint asserts rights pursuant to the Death on the High Seas Act, 46 U.S.C.App. § 761 *et seq.* ("DOHSA"), and that therefore this action arises under the "laws of the United States." Thus, the sole issue is whether DOHSA claims arise under the "laws of the United States" as contemplated in sections 1331 and 1441(b).

The Court finds that DOHSA claims do not arise under the "laws of the United States" for the purposes of sections 1331 and 1441(b). In *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), the Supreme Court addressed whether admiralty claims constituted federal questions in the

removal context. Although the Supreme Court noted admiralty cases appeared to be "federal questions," it nevertheless held that history and the Constitution demonstrated that admiralty claims were separate and distinct from federal question claims. The Court reasoned that

> The simple language of the Act of 1875 conceals the complexities of construction and policy which have already been examined. When we apply to the Statute, and to the clauses of Article III from which it derived, commonsensical and lawyer-like modes of construction, and the evidence of history and logic, it becomes clear that the words of that statute do not extend, and could not reasonably be interpreted to extend, to cases of admiralty and maritime jurisdiction.

*Id.* 358 U.S. at 378, 79 S.Ct. at 483.

Thus, if DOHSA claims are admiralty in nature they do not invoke federal question jurisdiction and, therefore, are not removable under § 1441(b). After reviewing the statute, the Court finds that DOHSA provides an admiralty and not a federal question claim.

Section 761 of Title 46 United States Code provides that the representative of a decedent who dies on the high seas may bring "a suit for damages in the district courts of the United States, *in admiralty....*" The words "in admiralty" clearly indicate that DOHSA invokes a district court's admiralty jurisdiction. In *Filho v. Pozos International Drilling Services, Inc.*, 662 F.Supp. 94 (S.D.Tex.1987), the court was also faced with the removal of a DOHSA cases based on federal question jurisdiction. After reviewing the language of the statute the court concluded that

> ... in determining congressional intent regarding the removability of DOHSA claims, the Court need look no further than the language of the statute. This court agrees with the District of Columbia and the New York district Courts which have held that a claim pursuant to DOHSA fails to invoke federal question jurisdiction.

In summary, the Court concludes that a DOHSA claim brought in state court is not removable to federal court as a federal question. Therefore, this action was

removed improvidently and without jurisdiction and, pursuant to 28 U.S.C. § 1447(c) (1982), must be remanded.

*Id.* at 100 (citations omitted); *see also Sivirino Carreon v. Cal–Tex Phillippines, Inc.,* 1990 WL 142029, 1990 U.S.DIST. LEXIS 12755 (Sept. 25, 1990 E.D.La.) ("DOHSA claims are brought only within admiralty jurisdiction.").

The Fifth Circuit also adopted this view in *Baris v. Suplicio Lines, Inc.,* 932 F.2d 1540 (5th Cir.1991). In addressing the jurisdictional basis for DOHSA claims the court explained

> When brought as an original suit in federal court, a DOHSA claim is, as the plaintiffs note, "within the admiralty jurisdiction." This is the admiralty jurisdiction conferred by section 1333.
>
> \* \* \* \* \* \*
>
> Thus, there can be no confusion as to whether the plaintiffs desired "to prosecute their action in common law court," on some jurisdictional basis other than admiralty.
>
> We so conclude because in federal court (and absent diversity of citizenship), a DOHSA claim can be brought only on the admiralty "side" of the docket. The plaintiffs observe that "a DOHSA claim is within the admiralty jurisdiction of federal courts and does not fall within federal question jurisdiction" and that "[t]he statute itself provides that DOHSA suits may be maintained 'in the district courts of the United States, in admiralty.'"

*Id.* at 1547 (citations and emphasis omitted).

Thus, history, precedent and the statute's language indicate that DOHSA claims invoke admiralty jurisdiction rather than federal question jurisdiction.

The Court finds *Phillips v. Offshore Logistics,* 785 F.Supp. 1241 (S.D.Tex.1992) and *Kearny v. Litton Precision Gear,* 1988 U.S.Dist. LEXIS 16887 (C.D.Cal.1988) cited by the defendants unpersuasive. First, the analysis in *Phillips* confused sections 1441(a) and section 1441(b). Second, the *Phillips* court relies on Fifth Circuit precedent to support its holding that DOHSA claims invoke federal question jurisdic-

tion, but fails to cite *Baris* in which the Fifth Circuit expressly held that DOHSA claims did not invoke federal question jurisdiction. Third, the court in *Kearney* reasoned that DOHSA claims were removable because there was no "express statutory language prohibiting removal of DOHSA claims filed in state court." This premise, however, ignores the obvious fact that if a claim fails to satisfy the requirements contained in section 1441, it is irrelevant whether the statute which created the cause of action expressly prohibits removal. Fourth, *Kearny,* like *Phillips,* failed to distinguish between section 1441(a) and 1441(b). Even if DOHSA and other admiralty cases might be removable under section 1441(a), it does not follow that they constitute federal questions removable pursuant to section 1441(b).

Based on the foregoing, Court finds that DOHSA claims invoke admiralty jurisdiction not federal question jurisdiction and that this cause is not removable pursuant to Section 1441(b). This case, therefore, is remanded to the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida pursuant to section 1447(c).

DONE and ORDERED.