Helen BAKER, et al., Plaintiffs,

v.

BELL HELICOPTER/TEXTRON,
INC., et al., Defendants.

No. 4:95–CV–624–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Dec. 7, 1995.

Sterling Wallace Steves, Lane Ray Wilson Carr & Steves, Fort Worth, TX, John M.

O'Quinn, O'Quinn Kerensky & McAninch, Houston, TX, Charles S. Musslewhite, Law Office of Charles S. Musslewhite, Houston, TX, for plaintiffs.

Stephen Clark Howell, Brown Herman Scott Dean & Miles, Fort Worth, TX, for defendant Bell Helicopter/Textron, Inc.

Robert Follmer Ruckman, Jackson & Walker, Dallas, TX, for defendant Detroit Diesel, dba Detroit Diesel Corporation, dba Detroit Diesel Power Systems, dba Detroit Diesel Allison Engine, dba Detroit Diesel Remanufacturing–South, Inc., General Motors Corp.

Dana L. Ryan, Green & Ryan, Dallas, TX, for defendant Central Detroit Diesel Allison, Inc.

Jim E. Cowles, Cowles & Thompson, Dallas, TX, Martin Edward Rose, Gardere & Wynne, Dallas, TX, Stephen Tucker, Mendes & Mount, New York City, for defendant SMR Technologies, Inc.

John William Payne, Payne & Blanchard, Dallas, TX, Robert F. Priestley, Mendes & Mount, Newark, NJ, for defendant Air Cruisers Co.

### MEMORANDUM OPINION and ORDER

McBRYDE, District Judge.

Came on for consideration the motion for remand of plaintiffs, (i) Helen Baker, individually and as the personal representative of the estate of Robert Louis Baker, deceased, and a/n/f of her minor children, Mitchell Robert Baker and Eloise Ellen Baker, (ii) Suzanne Tomlinson, individually and a/n/f of her minor child ("Tomlinson"), and (iii) Julia Kirsten Laverack, Giles Kevin Laverack, and Neville Murray Laverack, individually and as the personal representatives of the estate of Michael Stuart Laverack, deceased, and as the personal representatives of the estate of Maureen Ann Laverack, deceased. Defendant Bell Helicopter/Textron, Inc. ("Bell") has filed a response in opposition, to which plaintiffs have replied.

### I. *Plaintiffs' Claims*

Plaintiffs allege that on or about July 28, 1993, a Bell 206B helicopter piloted by Robert Louis Baker and carrying passengers

Suzanne Tomlinson, Michael Stuart Laverack, and Maureen Ann Laverack crashed approximately five and a half kilometers from Queensland, Australia. They further allege that Robert Louis Baker, Michael Stuart Laverack, and Maureen Ann Laverack were killed in the crash, and that Suzanne Tomlinson was injured.

Plaintiffs assert that the negligence of defendants Bell and Detroit Diesel, d/b/a Detroit Diesel Corporation, d/b/a Detroit Diesel Power Systems, d/b/a Detroit Diesel Allison Engine, d/b/a Detroit Diesel Remanufacturing–South, Inc., ("Detroit Diesel")[1] proximately caused the helicopter crash. Plaintiffs further assert that defendants Bell, Detroit Diesel, SMR Technologies, Inc. ("SMR"), and Air Cruisers Company, Inc. ("Air Cruisers"), are strictly liable because their defective products were a producing cause of the crash. Plaintiffs further assert that the breach of warranties of Bell, Detroit Diesel, SMR, and Air Cruisers were a proximate and/or producing cause of the crash.

## II. *Motion and Response*

Plaintiffs. move the court to remand the entire case to state court, asserting that the case was improperly removed because it is not subject to federal question jurisdiction. In response, Bell asserts that removal was proper because (1) the Death on the High Seas Act ("DOHSA"), 46 U.S.C. App. § 761 et seq., provides the exclusive remedy for those plaintiffs whose decedents were killed, and therefore plaintiffs' claims fall within the court's federal question jurisdiction; (2) plaintiffs' claims raise significant questions of federal relations and thus fall within the court's federal question jurisdiction; and (3) plaintiffs' claims brought pursuant to Texas law require the construction of treaties between the United States and other countries, and consequently fall within the court's federal question jurisdiction. Bell asserts that as to other claims asserted, the court has supplemental jurisdiction pursuant to 28

U.S.C. § 1367, and that removal was proper pursuant to 28 U.S.C. § 1441(c).

## III. *DOHSA*

■ DOHSA provides that

[w]henever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league[2] from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representatives of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued.

46 U.S.C.App. § 761. This section encompasses tort claims for wrongful death arising from the crash of an aircraft into navigable waters beyond a marine league from the shores of the United States or its territories, including the territorial waters of a foreign country. *Sanchez v. Loffland Bros. Co.*, 626 F.2d 1228, 1230 n. 4 (5th Cir. Unit A Oct. 1980), *cert. denied*, 452 U.S. 962, 101 S.Ct. 3112, 69 L.Ed.2d 974 (1981); *In re Air Crash Disaster Near Bombay, India on Jan. 1, 1978*, 531 F.Supp. 1175, 1182–84 (W.D.Wash. 1982). DOHSA provides the exclusive remedy for deaths on the high seas, and preempts state wrongful death statutes. *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 220–33, 106 S.Ct. 2485, 2493–2500, 91 L.Ed.2d 174 (1986).

■ Although pleaded solely on the basis of Texas and Australia law, with no mention of DOHSA, plaintiffs' wrongful death claims are properly characterized as DOHSA claims. A federal court "may find that the plaintiff's claims arise under federal law, even though the plaintiff has not characterized them as federal claims." *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir.), *cert. denied*, 506 U.S. 955, 113

---

**1.** Detroit Diesel is no longer a party to this action. On October 27, 1995, plaintiffs filed a stipulation of dismissal without prejudice as to Detroit Diesel, and plaintiffs' claims against Detroit Diesel were dismissed accordingly on October 30, 1995.

**2.** A marine league is equivalent to three nautical miles. *Smith v. Ithaca Corp.*, 612 F.2d 215, 220 n. 9 (5th Cir.1980); *Webster's Third New International Dictionary* 1382 (1966). A nautical mile is equivalent to 1.852 kilometers. *Id.* at 1508.

S.Ct. 413, 121 L.Ed.2d 337 (1992). Plaintiffs state, and defendants do not dispute, that the helicopter crash which allegedly caused decedents' deaths occurred approximately five and a half kilometers from the coast of Australia. Because the deaths occurred beyond a marine league from the shores of the United States or its territories, and thus occurred on the high seas, DOHSA provides plaintiffs' exclusive remedy. Therefore, examining only plaintiffs' pleadings, the court concludes that plaintiffs' wrongful death claims are properly characterized as DOHSA claims.

■ Contrary to plaintiffs' arguments, United States choice of law rules do not indicate that DOHSA is inapplicable in this case. If DOHSA applies, or, in other words, if a claim is based on a death occurring beyond a marine league from shore, then no independent test for the existence of admiralty jurisdiction is necessary. *Palischak v. Allied Signal Aerospace Co.*, 893 F.Supp. 341, 344–45 (D.N.J.1995); *Kunreuther v. Outboard Marine Corp.*, 757 F.Supp. 633, 634 (E.D.Pa.1991). In this case, the decedents' deaths occurred on the high seas; therefore, DOHSA applies to plaintiffs' claims.

■ Having accepted Bell's arguments that plaintiffs' wrongful death claims should be construed as arising under DOHSA, the court determines that those claims were improperly removed. A DOHSA claim is within the admiralty jurisdiction of federal courts and does not fall within the federal question jurisdiction. *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1547 (5th Cir.), *cert. denied*, 502 U.S. 963, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991). From this principle it follows that "a DOHSA claim brought in state court is not removable to federal court as a federal question." *Filho v. Pozos Int'l Drilling Servs., Inc.*, 662 F.Supp. 94, 100 (S.D.Tex.1987); *see also In re Medscope Marine Ltd.*, 972 F.2d 107, 110 n. 17 (5th Cir.1992); *Argandona v. Lloyd's Registry of Shipping*, 804 F.Supp. 326, 327–28 (S.D.Fla.1992). As Bell points out, there is a split in the district courts of the Fifth Circuit on the removability of DOHSA claims, but *Filho* expresses the apparently prevailing opinion, and the one with which the court agrees. The contrary posi-

tion, set forth in *Phillips v. Offshore Logistics*, 785 F.Supp. 1241, 1242 (S.D.Tex.1992), has not been followed by other courts, and has been criticized by those courts mentioning it. *See De Bello v. Brown & Root Inc.*, 809 F.Supp. 482, 486 (E.D.Tex.1992); *Argandona*, 804 F.Supp. at 328. Although the Fifth Circuit has not decided this matter, its most recent mention of the issue cited *Filho* favorably in dicta, and made no mention of *Phillips*. *See Medscope Marine*, 972 F.2d at 110 n. 17. Because the court agrees with the logic and conclusion of *Filho*, the court finds that, to the extent Bell relied on characterizing plaintiffs' wrongful death claims as DOHSA claims as the basis for removal, the claims were improperly removed.

## IV. *Federal Relations*

■ In determining whether this case involves significant questions of federal relations so as to invoke federal question jurisdiction, the court must look solely to plaintiffs' petition, and may not consider defenses raised by defendants. *Aquafaith*, 963 F.2d at 808. A close reading of plaintiffs' petition reveals no significant questions of federal relations. The complaint does not make any reference to official foreign acts of state, but merely alleges that the helicopter crash occurred off the coast of Australia, that Australian law may apply, and that none of the plaintiffs are residents or citizens of the United States. Such allegations are not sufficient to "lift this case from the usual scaly context of maritime suits into the rarefied realm of foreign relations." *Id.* at 809; *see also Grynberg Prod. Corp. v. British Gas, p.l.c.*, 817 F.Supp. 1338, 1357–58 (E.D.Tex. 1993). The court therefore concludes that removal was not properly based upon the presence of significant questions of federal relations.

## V. *Equal Treaty Rights*

■ Federal question jurisdiction exists if an action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. It is well established that, under this section,

only treaties with a specific provision permitting a private action, or one to be clear-

ly inferred, may suffice as the basis for federal jurisdiction. Otherwise, no cause of action is stated and no federal law [is] applicable to the claim presented.

*El Paso County Water Improvement Dist. No. 1 v. International Boundary & Water Comm'n,* 701 F.Supp. 121, 124 (W.D.Tex. 1988) (quoting *Hanoch Tel–Oren v. Libyan Arab Republic,* 517 F.Supp. 542, 546 (D.D.C. 1981), *aff'd,* 726 F.2d 774 (D.C.Cir.1984), *cert. denied,* 470 U.S. 1003, 105 S.Ct. 1354, 84 L.Ed.2d 377 (1985)). For example, federal question jurisdiction does not exist for an action brought under a state wrongful death statute, even if, in the course of the trial, the court would be required to construe a treaty. *See, e.g., Winsor v. United Air Lines, Inc.,* 159 F.Supp. 856 (D.Del.1958).

■ For purposes of determining whether this action arises under a treaty, the court may also rely on cases interpreting "arising under" in the context of the Constitution and laws of the United States. *See, e.g., Hidalgo County Water Control & Improvement Dist. No. 7 v. Hedrick,* 226 F.2d 1, 6 (5th Cir.1955), *cert. denied,* 350 U.S. 983, 76 S.Ct. 469, 100 L.Ed. 851 (1956). In that context, the Fifth Circuit applies essentially the same rule: an action arises under federal law if that law creates the cause of action. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1167 (5th Cir.1988) (quoting *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916)). Under a narrow exception to this rule, an action also might arise under federal law if a state claim requires resolution of a substantial question of federal law. *Id.* at 1168. However, the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction; rather, the federal issue must be "in the forefront of the case and not collateral, peripheral or remote." *Id.* (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 813 & n. 11, 106 S.Ct. 3229, 3234 & n. 11, 92 L.Ed.2d 650 (1986)). In a number of cases, courts have found federal issues to be more collateral in nature, and not substantial in relation to the claim as a whole, when the plaintiff's claim was in essence one under state law. *See, e.g., id.* at 1171; *Travelers Indem. Co. v. Sarkisian,* 794 F.2d 754, 762 (2d Cir.) (holding that, although observance of the Full Faith and Credit Clause was an element of plaintiff's state cause of action, there was no federal element substantial enough to support federal question jurisdiction), *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986); *Birbeck v. Southern New England Prod. Credit Ass'n,* 606 F.Supp. 1030, 1035–39 (D.Conn.1985) (holding that federal question jurisdiction did not exist when the relief sought by plaintiffs rested on principles of state contract law, and plaintiffs had failed to point to any federal law which created their cause of action).

■ In this case, the court does not find that the personal injury claims of plaintiff Tomlinson arise under a treaty so as to create federal question jurisdiction. Tomlinson asserts personal injury claims pursuant to Chapter 71 of the Texas Civil Practices & Remedies Code,[3] which provides that

[a]n action for damages for the death or personal injury of a citizen of this state, of the United States, or of a foreign country may be enforced in the courts of this state, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country, if ... in the case of a citizen of a foreign country, the country has equal treaty rights with the United States on behalf of its citizens.

Tex.Civ.Prac. & Rem.Code Ann. § 71.031 (Vernon 1995). Although defendants assert that the equal treaty rights provision requires construction of treaties and thus confers federal question jurisdiction, there is no contention that Tomlinson's causes of action are created by a treaty. The origins of Tomlinson's personal injury causes of action are in Texas law, and liability in this case turns on an interpretation and application of Texas statutes and cases. The existence of equal treaty rights is not in the forefront of the case, but is simply a collateral issue. Consequently, the court concludes that the

---

3. The other plaintiffs also assert wrongful death claims under Chapter 71, but, as discussed above, their sole remedy is DOHSA. As a result, the court here considers only Tomlinson's personal injury claims.

instant action does not arise under a treaty of the United States, that the equal treaty rights provision thus does not provide a basis for federal question jurisdiction, and that therefore, plaintiffs' claims were improperly removed.

The court is aware that its decision is in conflict with *Kern v. Jeppesen Sanderson, Inc.*, 867 F.Supp. 525, 531 (S.D.Tex.1994). The court disagrees with the conclusion in *Kern* that the necessity of construing treaties in determining equal treaty rights is such a substantial issue in relation to the claims as a whole as to give rise to federal question jurisdiction. The court instead believes that Tomlinson's personal injury claims arise under state tort law and that the treaty issues are collateral in nature. Furthermore, the court finds its resolution of this issue more in keeping with the strict construction required of removal jurisdiction. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir.1995); *Willy*, 855 F.2d at 1164.

VI.   *Otherwise Non-removable Claims*

The court finds no basis for federal question jurisdiction. Consequently, plaintiffs' otherwise non-removable claims were improperly removed pursuant to 28 U.S.C. § 1441(c).

VII.   *Order*

For the reasons given above,

The court ORDERS that plaintiffs' motion to remand be, and is hereby granted, and the above-styled and numbered action be, and is hereby, remanded to the 348th Judicial District Court, Tarrant County, Texas.

## FINAL JUDGMENT OF REMAND

In accordance with the court's order signed this same day,

The court ORDERS, ADJUDGES and DECREES that the above-styled and numbered action be, and is hereby, remanded to the 348th Judicial District Court, Tarrant County, Texas.