## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 10, 2011

No. 10-50995

Lyle W. Cayce
Clerk

SAMUEL MORGAN,

Plaintiff-Appellant,

v.

ROSEMARIE RANKIN; WEBSTER UNIVERSITY, INC., doing business as
Webster University,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CV-143

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Samuel Morgan filed an action in Texas court alleging state law claims
for employment discrimination and defamation. Webster University removed
the case to federal court, asserting that all the alleged conduct occurred on Fort
Bliss, a federal enclave governed exclusively by federal law. The district court
denied Morgan's motion to remand to state court and granted Webster's motion
to dismiss the employment discrimination claims without prejudice because

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

No. 10-50995

those state law claims were not adopted as federal law on the enclave. Rather than amend his complaint, Morgan filed a motion to dismiss the entire action so that he could immediately challenge the district court's rulings on appeal.

Webster's notice of removal states that all of the events alleged by Morgan occurred on Fort Bliss. Morgan did not dispute Webster's factual allegations. Therefore, the district court was entitled to rely upon them in deciding the motion to remand. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir. 1992). Because all of the events at issue occurred on Fort Bliss, the causes of action arose on a federal enclave. Thus, the district court properly found that it had subject matter jurisdiction over the action. *See Mater v. Holley*, 200 F.2d 123, 124-25 (5th Cir. 1953).

Similarly, the court properly dismissed Morgan's employment discrimination claims. Any state law created after Fort Bliss became a federal enclave has no force there. *See Lord v. Local Union No. 2088*, 646 F.2d 1057, 1060 (5th Cir. Unit B June 1981). Morgan's argument that Title VII's non-preemption provision somehow adopted Texas employment discrimination law on the enclave is utterly without support and, as the district court noted, "confusing at best."

As for the defamation claims, Morgan never challenged their dismissal in the district court. Indeed, the dismissal was without prejudice with leave to replead until Morgan voluntarily dismissed his entire action in order to pursue this appeal. Arguments not raised before the district court are waived. *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009). Moreover, Morgan cannot now argue that the district court erred in granting his own motion; he obtained exactly the relief he sought. Accordingly, we affirm the judgment of the district court.

AFFIRMED.