Ignacio SEQUIHUA, et al., Plaintiffs,

v.

TEXACO, INC., et al., Defendants.

Civ. A. No. H–93–3432.

United States District Court,
S.D. Texas,
Houston Division.

Jan. 27, 1994.

Charles B. Musslewhite, Houston, TX, for plaintiffs.

Layne Edwin Kruse, Dixie Smith, Fulbright & Jaworski, Robert Dale Topping, Texaco Inc., Houston, TX, Charles Alan Wright, Austin, TX, Patrick Carlton Appel, Myer Orlando & Evans, Houston, TX, J. Randall Miller, Stephen R. Ward, Tulsa, OK, for defendants.

## ORDER

**NORMAN W. BLACK, Chief Judge.**

Plaintiffs, residents of Ecuador and a community in that country, filed this action in state court asserting a variety of causes of action arising out of the alleged contamination of the air, ground and water in Ecuador. In addition to monetary relief, Plaintiffs seek an injunction requiring Defendants to return the land to its former condition and the imposition of a "trust fund" to be administered by the Court. The case was removed, and the Court finds that the removal was procedurally proper. The case is before the Court on various motions, including Plaintiffs' Motion to Remand and Defendants' motions to dismiss or for summary judgment. The Court has carefully reviewed the pleadings, the memoranda, and the applicable case law, and the motions are now ripe for decision.

## MOTIONS TO STAY

Plaintiffs have filed a number of motions seeking stays for various reasons. Initially, Plaintiffs have moved the Court to defer ruling on the motion to remand for a period of six months during which Plaintiffs would conduct discovery. The Court finds that resolution of the motion to remand does not involve factual disputes but, instead, involves legal issues. Consequently, the motion to defer ruling for six months is denied.

Plaintiffs also seek a sixty-day stay prior to a ruling on the motions to dismiss to conduct discovery and to obtain new counsel. Again the Court notes that the motions to dismiss involve primarily legal issues which do not require discovery beyond that which would have been necessary prior to filing the lawsuit. Additionally, the motions to dismiss have been pending for more than a month and Plaintiffs were granted an extension of time to file their response. It is not explained why any necessary affidavits could not be obtained within that time. With reference to the request for a stay to obtain new counsel, the Court finds that a stay would not be appropriate. Local Rule 2.D. provides that no delay will be permitted due to a change of counsel. While Plaintiffs may move to substitute counsel as they choose, such desire for alternate lead counsel will not be a basis for delay. As a result, these motions to stay are likewise denied.

## MOTION TO REMAND

■ Removal of this case from state court was based on both diversity and federal question jurisdiction. Plaintiffs moved to remand, asserting that this Court lacks jurisdiction. Defendants, in their response in opposition to the motion to remand, argue that the Court has federal question jurisdiction because the lawsuit "not only raises questions of international law, but threatens to create an international incident." In this regard, the Court notes that the Republic of Ecuador has officially protested this litigation, asserting that it will do "violence" to the international legal system, and has asked that the case be dismissed. Clearly, such issues of international relations are incorporated into federal common law, which presents a federal question under § 1331. *See Banco Nacional de Cuba v. Sabbatino,* 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964); *Republic of the Philippines v. Marcos,* 806 F.2d 344 (2d Cir.1986); *Grynberg v. British Gas plc.,* 817 F.Supp. 1338 (E.D.Tex.1993). Plaintiffs in their complaint assert injuries that arose solely in Ecuador to as many as 500,000 Ecuadorans in an area that covers ⅓ of Ecuador. Plaintiffs complain about conduct which is regulated by the government in Ecuador, which is a country with its own environmental laws and regulations, a nation that owns the land at issue, and that treats all petroleum exploration and development as a "public utility" controlled by the government. Such matters affecting international law and the relationship between the United States and foreign governments give rise to federal question jurisdiction. *Texas Industries, Inc. v. Radcliff Materials,* 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981); *Sabbatino,* 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964).

Additionally, there are essential elements of Plaintiffs' claims which, if "well-pleaded", require the application and resolution of the federal common law regarding foreign relations. Plaintiffs' claims of nuisance and for

injunctive relief require them as part of their prima facie case to challenge the policies and regulations of Ecuador, as well as the approvals from Ecuador that Defendants received, in order to show that the conduct was improper on land owned by Ecuador. Federal question jurisdiction clearly exists where, as here, the essential elements of Plaintiffs' prima facie case necessarily involve federal international relations, such as the international law relating to the control by a foreign country over its own resources. *See Grynberg,* 817 F.Supp. at 1360–1363.

Lastly, Plaintiffs' request for a trust fund asks this Court to step into the shoes of the Ecuadoran Health Ministry and supervise a medical monitoring scheme of unknown cost, scope or duration for as many as 500,000 Ecuadoran citizens over the protest of the government of Ecuador. It is incomprehensible that Plaintiffs could argue this does not fully and completely involve the relationship between the United States through this Court and the Republic of Ecuador.

Based upon the important foreign policy implications of this case, upon the international legal principle that each country has the right to control its own natural resources, and the strong opposition expressed by the Republic of Ecuador to this litigation, the Court finds without reservation that Plaintiffs' state law claims, if well-pleaded, raise issues of international relations which implicate federal common law. Consequently, this Court has federal question jurisdiction and the motion to remand must be denied.[1]

## MOTIONS TO DISMISS

Defendants have moved to dismiss on a number of grounds. On the basis of the comity of nations and the doctrine of *forum non conveniens,* the Court should not exercise its jurisdiction over this case and the motions to dismiss should be granted.

### Comity of Nations

Under the doctrine known as comity of nations, a court should decline to exercise jurisdiction under certain circumstances in deference to the laws and interests of another foreign country. *See Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa,* 482 U.S. 522, 543 n. 27, 107 S.Ct. 2542, 2555 n. 27, 96 L.Ed.2d 461 (1987); *Fleeger v. Clarkson Co. Ltd.,* 86 F.R.D. 388, 392 (N.D.Tex.1980). Section 403(3) of the Restatement (Third) of the Foreign Relations Law of the United States sets forth a number of factors to be considered in determining whether the comity of nations deference should be applied. The Ninth Circuit applied similar factors in *Timberlane Lumber Co. v. Bank of America National Trust and Savings Assn.,* 749 F.2d 1378 (9th Cir. 1984), *cert. denied* 472 U.S. 1032, 105 S.Ct. 3514, 87 L.Ed.2d 643 (1985), to affirm a District Court's decision not to exercise jurisdiction. Consideration of these factors leads to the inescapable conclusion that the Court should decline to exercise jurisdiction over this case. The challenged activity and the alleged harm occurred entirely in Ecuador; Plaintiffs are all residents of Ecuador; Defendants are not residents of Texas; enforcement in Ecuador of any judgment issued by this Court is questionable at best; the challenged conduct is regulated by the Republic of Ecuador and exercise of jurisdiction by this Court would interfere with Ecuador's sovereign right to control its own environment and resources; and the Republic of Ecuador has expressed its strenuous objection to the exercise of jurisdiction by this Court. Indeed, none of the factors favor the exercise of jurisdiction. Accordingly, the case should be dismissed under the doctrine of comity of nations.

### Forum Non Conveniens

Defendants have also moved to dismiss on the basis of *forum non conveniens,* asserting that the convenience of the parties and the Court and the interests of justice require that the case be tried in Ecuador. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). A federal district court must apply federal law

---

1. Having found federal question jurisdiction, the Court need not address the arguments regarding diversity jurisdiction.

in deciding *forum non conveniens* issues. *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489 (5th Cir.1993); *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147 (5th Cir.1987), *vacated and remanded on other grounds sub nom. Pan American World Airways, Inc. v. Lopez*, 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400, *reinstated as to all save and except damages*, 883 F.2d 17 (5th Cir.1989). Movants bear the burden of proof as to all elements of a motion to dismiss based on *forum non conveniens. Id.*, 821 F.2d at 1164.

■ Initially, Defendants must show that an adequate and available forum exists. In this case, it is clear from the affidavits of two former Ecuadoran Supreme Court justices that an adequate forum is available in Ecuador. Plaintiffs are residents of Ecuador, and Defendants are alleged to have conducted business in that country. Ecuador provides private remedies for tortious conduct and maintains an independent judicial system with adequate procedural safeguards. Therefore, Ecuador is an adequate and available forum even though it may not provide the same benefits as the American system. *Id.*, 821 F.2d at 1165.

■ Having found that the courts in Ecuador provide an adequate and available forum, the Court must now consider the relevant private interest factors, including Plaintiffs' choice of forum. *Id.* Obviously, Plaintiffs have chosen Texas as their forum. Their initial choice, however, was not the United States District Court, but was Harris County District Court from which the case was removed. Also, a foreign plaintiff's choice of an American forum is entitled to less deference than a plaintiff's selection of his home forum. *Piper Aircraft*, 454 U.S. at 255–56, 102 S.Ct. at 265.

Other private interest factors weigh heavily in favor of the foreign forum. Access to all evidence and the availability of compulsory process would be present in Ecuador, not in the Southern District of Texas. The cost of obtaining the attendance of willing witnesses would be much greater in this district than in Ecuador. Either all witnesses would be required to travel here from outside the district, or all American attorneys would be required to travel to Ecuador at great expense. A view of the premises, likely in a pollution case such as this, would be possible only in Ecuador. As discussed previously, enforcement in Ecuador of a judgment by this Court is questionable. These factors weigh heavily in favor of the courts in Ecuador.

As noted above, Plaintiffs attempt to delay the Court's ruling on the motions to dismiss arguing that they need time for discovery on the *forum non conveniens* issues. The only discovery they mention, however, is whether the defense witnesses are in Ecuador or in the United States. It is undisputed that the Plaintiffs all reside in Ecuador, that their medical records are in Ecuador, and that the subject land, air and water are in Ecuador. There is no assertion that witnesses or documents may be located in the Southern District of Texas. Also, as noted above, Plaintiffs received an extension of time to respond to the motions, which have been pending for over a month. Plaintiffs' request to delay this case while it attempts to determine if any witnesses or documents are located anywhere in the United States is without merit.

Although the private considerations strongly favor dismissal, the Court will also address the public interest factors described in *In re Air Crash Disaster*, 821 F.2d at 1162–63. The administrative difficulties flowing from court congestion favors the foreign forum. Second, Ecuador clearly has a local interest in having controversies regarding its air, land and water resolved at home. This, while otherwise readily apparent, is made more clear by the strong objection of the Republic of Ecuador to the exercise of jurisdiction by this Court. This district does not have any direct interest in this case, and its citizens should not bear the burden of jury service in litigation which has no relation to their community. Dismissal would also serve to avoid unnecessary parallel litigation in Ecuador and to avoid problems in conflicts of law or in the application of foreign law. These important public interests weigh so heavily in favor of the Ecuadoran forum that they require dismissal.

Plaintiffs argue that if the Court decides that it should not exercise jurisdiction on the basis of *forum non conveniens* it should remand rather than dismiss. This argument has recently been rejected by the Fifth Circuit. *De Aguilar v. Boeing Co.*, 11 F.3d 55 (5th Cir.1993).

Based on its consideration of the interests described by the Fifth Circuit in *In re Air Crash Disaster* as discussed above, the Court finds without reservation that dismissal on the basis of *forum non conveniens* will "best serve the convenience of the parties and the ends of justice." *Koster v. American Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 527, 67 S.Ct. 828, 833, 91 L.Ed. 1067 (1947). Consequently, Defendants' motions to dismiss or, alternatively, for summary judgment must be granted. An appropriate final order consistent herewith shall be issued this day.