Maria AGUINDA, et al., individually and on behalf of all others similarly situated, Plaintiffs,

v.

TEXACO, INC., Defendant.

No. 93 Civ 7527 (VLB).

United States District Court, S.D. New York.

April 29, 1994.

Joseph C. Kohn et al., Kohn, Nast & Graf, Philadelphia, PA, Amy Damen, Sullivan & Damen, White Plains, NY, Christobol Bonifaz, et al., Amherst, MA, for plaintiffs.

Griffin B. Bell, et al., King & Spalding, Atlanta, GA, and New York City, Lawrence R. Jerz, Asst. Gen. Counsel, Texaco Inc., White Plains, NY, for defendant.

George Weisz, Cleary, Gottlieb, Steen & Hamilton, New York City, for Republic of Ecuador as amicus curiae.

Cyrus Mehri, Cohen, Milstein, Hausfeld & Toll, Washington, DC, for amicus on behalf of indigenous Amazon peoples.

## MEMORANDUM

VINCENT L. BRODERICK, District Judge.

### I

By memorandum order dated April 11, 1994 (the "April 11 order"), 1994 WL 142006, decision was reserved on several motions by defendant Texaco, Inc. to dismiss the complaint in this case. Familiarity with the April 11 order is assumed and the nature of the claims asserted are not repeated here.

Under the April 11 order, specific limited types of discovery were permitted to proceed in order to obtain information relevant to the disposition of Texaco's motions. A central aspect of further factual development necessary to proper disposition of Texaco's motions relates to the extent, if any, to which conduct *in the United States* caused actionable harm under the criteria discussed in the April 11 order.

Texaco has moved for reconsideration of the April 11 order or in the alternative for certification that an interlocutory appeal would be appropriate under 28 U.S.C. §. 1292(b).

### II

The motion for reconsideration is granted and the April 11 order adhered to. For the

reasons set forth in the April 11 order and amplified in some instances below, the information described in the April 11 order remains necessary for determination of Texaco's motions.

In addition, Texaco has made no commitment to, nor taken any steps toward, fulfilling the requirements that it be fully subject to the jurisdiction of Ecuadoran courts and that those courts will take jurisdiction over plaintiffs' claims as set forth in the April 11 order as conditions for dismissal of a major part—or possibly all—of plaintiffs' claims.

### III

■ Texaco's principal contention is that international comity compels dismissal of this suit brought in the United States even as to steps initiated in the United States, and even if its activities caused harm in the United States. Texaco relies primarily upon *Sequihua v. Texaco*, 847 F.Supp. 61 (S.D.Tex. 1994), in which claims against Texaco by other plaintiffs were dismissed based on the prospect of litigation dealing solely with events abroad, rather than focusing primarily or exclusively on alleged conduct in the United States. The *Sequihua* decision was also based upon the assumption that any judgment would have to be enforced abroad—including, as pointed out by Texaco, administration of a complex medical program in Ecuador assertedly to be carried out over the objection of the Ecuadoran government.

Texaco's arguments are the same as those made initially and canvassed in the April 11 order with the exception that Texaco points to contentions of the *Sequihua* plaintiffs, ignored by the court in that case. Specifically, Texaco points out that the plaintiffs in *Sequihua* claimed that significant witnesses would be available in the United States and yet the court dismissed that action. That contention is of subordinate importance since the only events expected to be testified to in *Sequihua* would have occurred thousands of miles to the south and would presumably necessitate substantial further testimony that would have to be taken there.

In any event, plaintiffs' contentions in *Sequihua* are not significant here. The decisions of courts and the reasons given for those decisions, not contentions of the parties which were bypassed, ignored, or rejected for unknown reasons determine the teachings of such decisions when cited in subsequent litigation.

### IV

Texaco renews its contention that the Ecuadoran government is a necessary party. No relief either to be granted to or against any party other than Texaco has now been requested. It is not as yet evident to what extent, if any, viable claims exist which could only be adjudicated were the Ecuadoran government made a party. Should the information to be developed pursuant to the April 11 order disclose that to proceed without the Ecuadoran government as a party would be improper, Texaco's motion would, if otherwise appropriate, be granted at that stage.

### V

Texaco points out that the April 11 order referred to substantial difficulties of providing relief through monetary damages to large numbers of as yet unidentified persons in another country, potentially leading to dismissal of that part of this litigation under the doctrine of *forum non conveniens* if Texaco fulfilled conditions set forth in the April 11 order (so far not challenged, fulfilled or even acknowledged in Texaco's papers). Based on the April 11 order's recognition of the difficulties in providing individualized monetary relief, Texaco seeks dismissal of the balance of the case based upon the principle that equitable relief is inappropriate if a party can be fully compensated by monetary relief.

The argument assumes without factual support that individualized monetary relief is possible at all given the difficulty of identifying most or all of those affected. Moreover, individualized monetary relief even were it feasible may be inadequate to restore large-scale environmental damage if it is shown to have occurred as a result of actions initiated in the United States.

Texaco further insists that extensive "site-specific investigations" will be necessary. Texaco may turn out to be correct, but the question can hardly be determined until the

extent of other available information is known.

## VI

■ Texaco's application for a certificate under 28 U.S.C. § 1292(b) is denied. Under that statute a district court may certify a decision for immediate interlocutory appeal if, among other things, the order "involves a controlling question of law" as to which "there is substantial ground for difference of opinion."

Dismissal of this lawsuit would be a controlling event inasmuch as it would terminate the case. *Klinghoffer v. SNC Achille Lauro,* 921 F.2d 21 (2d Cir.1990). The April 11 ruling leaving open whether or not dismissal would be appropriate and calling for further factual development to permit determination of such a motion is, however, not a controlling decision. Interlocutory appeals from preliminary case management at an interim predecisional stage would run counter both to Fed.R.Civ.P. 1 as amended in 1993 and the objectives of 28 U.S.C. §§ 1291 and 1292(b).

Moreover the only decision cited by Texaco as adverse to the April 11 order, the district court ruling in *Sequihua v. Texaco,* 847 F.Supp. 61 (S.D.Tex.1994), is for the reasons set forth above, not in fact contrary to the April 11 order.

An interlocutory appeal at this juncture would also be inappropriate because Texaco has to date declined to fulfill, commit itself to fulfilling, or challenged the preconditions for dismissal to the extent *forum non conveniens* may well be applicable as set forth in the April 11 order.

Texaco's argument proceeds on an unarticulated assumption that its motions are addressed solely to the complaint. Texaco has, however, nowhere challenged the recognition in the April 11 order that the parties have converted Texaco's Fed.R.Civ.P. 12 motions into motions for summary judgment under Fed.R.Civ.P. 56. Particularly in this context, Texaco's other arguments, while cast as *per se* contentions and perhaps meritorious in whole or in part, do not call for a rush to judgment as opposed to analysis after the

information discussed in the April 11 order is provided to the extent available.

## VII

Without indicating the relevancy of such materials to the issues before the court, Texaco has chosen to attach to its motion for reconsideration media material containing plaintiffs' views concerning the April 11 order. Inclusion without comment of matter that is unrelated to a motion and bereft of any asserted juridical significance is an innovative procedure of questionable propriety.

Texaco makes no request that the court clarify any points arguably set forth out of context in plaintiffs' Ecuadoran press statements; partisan views on both sides of litigation concerning the effects of judicial rulings are, of course, in any event commonplace and where erroneous are generally corrected by subsequent events.

## VIII

Texaco has also submitted documents indicating that it is making efforts to ascertain and deal with any environmental harm caused by its activities in Ecuador. Such information will doubtless be useful in connection with subsequent factual inquiries and settlement efforts.

SO ORDERED.