Gerardo Arias **TORRES** and Carmen Ma-mani Yanez, individually and as Next Friend for Claudio Arias Mamani and Helanara Arias Mamani, Minors, et al., Plaintiffs,

v.

**SOUTHERN PERU COPPER CORPORATION, et al.,** Defendants.

Civil Action No. C–95–495.

United States District Court, S.D. Texas, Corpus Christi Division.

Dec. 4, 1995.

**896**

Robert C. Hilliard, Hilliard and Grillo, Corpus Christi, TX, Andrew C. Schirrmeister, III, Zummo and Schirrmeister L.L.P., Houston, TX, for Plaintiffs.

Mitchell Craig Chaney, Norton A. Colvin, Joseph Anthony Rodriguez, Eduardo Roberto Rodriguez, Rodriguez, Colvin & Chaney, Brownsville, TX, Doug Lackey, Thomas John Ward, Brown, McCarroll and Oaks Hartline, Austin, TX, Peter J. Nickles, Joanne B. Grossman, Allan B. Moore, Covington & Burling, Washington, DC, for Defendants.

Mark A. Cymrot, Baker & Hostetler, Washington, DC, Darrell Lee Barger, Barger and Moss, Corpus Christi, TX, for Movants.

### ORDER DENYING PLAINTIFFS' MOTION TO REMAND

JACK, District Judge.

On this date came to be considered Plaintiffs Gerardo Arias Torres' and Carmen Mamani Yanez's, individually and as Next Friend for Claudio Arias Mamani and Helanara Arias Mamani, Minors, et al., Motion to Remand against Defendants Southern Peru Copper Corporation (SPCC), et al.

### I. JURISDICTION

Defendants removed this action to federal court alleging both federal question and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332. For the reasons stated herein, the Court DENIES Plaintiffs' Motion to Remand.

### II. FACTS

Defendants, collectively or individually, owned and/or operated copper mining operations, smelting facilities, and other attendant facilities necessary for the exploitation of copper and other natural resources in the Southern Pacific coastal region of Peru. Plaintiffs allege that during the time of the development and operation of such mining, smelting and attendant facilities, Defendants collectively, and/or individually released into the air, water and ground, toxic and hazardous gases, wastes, metals, substances and chemicals, such releases allegedly being the proximate and/or producing cause(s) of the damages allegedly accruing to Plaintiffs. Plaintiffs allege causes of action for negligence, intentional infliction of emotional distress, nuisance and/or nuisance per se, mal-

ice, fraud, intentional tort, gross negligence, res ipsa loquitur and assault and battery.

Defendants removed the action to this Court alleging diversity of citizenship and federal question jurisdiction. Plaintiffs now move to Remand.

## III. DISCUSSION

 Original jurisdiction can only rest with federal courts because of diversity of citizenship between the parties, or because the claim arises under federal law. 28 U.S.C. §§ 1331, 1332; *Powers v. South Central United Food and Commercial Workers Unions and Employers Health & Welfare Trust*, 719 F.2d 760, 763 (5th Cir.1983). The burden of establishing federal jurisdiction is placed upon the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988), *reh'g denied*, 915 F.2d 965 (5th Cir.1990). *aff'd*, 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). Additionally, the removal statutes are strictly construed against removal, and generally all doubts about removal must be resolved in favor of remand. *Butler v. Polk*, 592 F.2d 1293, 1294 (5th Cir.1979); 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3721 (2d ed.1985).

### 1. Diversity Jurisdiction

 28. U.S.C. § 1332(a)(2) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $50,000 ... and is between ... citizens of a State and citizens or subjects of a foreign state."

All Plaintiffs are citizens of Peru. Defendant Southern Peru Copper Corporation is a Delaware corporation, with its headquarters in New York and principal place of business in Peru. 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." Plaintiffs acknowledge that Defendant Southern Peru Copper Corporation is a citizen of Delaware, the place of its incorporation, but argue that it is also a citizen of Peru because that is where it maintains its principal place of business. Defendants, relying on *Cabalceta v. Standard*

*Fruit Co.*, 883 F.2d 1553 (11th Cir.1989), counter that nothing in § 1332(c)(1) precludes the exercise of diversity jurisdiction even if Southern Peru Copper Corporation's principle place of business is Peru.

Because § 1332(c) does not expressly apply to foreign corporations, courts are divided as to its effect on foreign corporations. Some courts have concluded that § 1332(c)(1) applies only to domestic corporations. *See, Eisenberg v. Commercial Union Assur. Co.*, 189 F.Supp. 500, 502 (S.D.N.Y.1960) ("Unless a corporation is incorporated by a State of the United States it will not be deemed a citizen of the State where it has its principal place of business."). The Fifth Circuit first examined the effect of § 1332(c)(1) on foreign corporations in *Jerguson v. Blue Dot Investment, Inc.*, 659 F.2d 31 (5th Cir.1981), *cert. denied*, 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1982). In *Jerguson* the defendant was a Panamanian corporation that maintained its principal place of business in Florida, the plaintiff's home state. The Court concluded that congressional silence as to foreign corporations did not preclude reading § 1332(c)(1) in a way that gave effect to congressional intent to restrict the availability of diversity jurisdiction.

Additionally, in *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148 (5th Cir.1985), the Fifth Circuit held that the presence of a Liberian affiliate of Exxon among the defendants defeated diversity in a suit by citizens of Singapore even though the affiliate's principal place of business was in New Jersey. The Court stated:

[W]e cannot overemphasize the primary underlying purpose of the diversity statute, that is, to provide a separate forum for out-of-state citizens to protect those citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the federal courts. When, as in this case, an alien plaintiff sues in state court another alien (who has a principal place of business in the United States), the danger is remote that the alien plaintiff will benefit from local bias of state courts or juries. Thus, the underlying purpose of diversity juris-

diction simply would not be furthered by its extension under the facts of this case.

*Id.* at 1153 (citations omitted).

Likewise, applying these Fifth Circuit cases, the Court in *Delgado v. Shell Oil Co.*, 890 F.Supp. 1315 (S.D.Tex.1995), stated, "[t]he court concludes that the primary underlying purpose of diversity jurisdiction would not be furthered by affording a federal forum to disputes between alien plaintiffs and a corporation that has a corporate charter from one of the states of the United States but maintains its principle place of business abroad." *Id.* at 1321. The Court therefore finds that Defendant Southern Peru Copper Corporation is a citizen of Delaware and of Peru. Plaintiffs are also citizens of Peru. Consequently, diversity jurisdiction does not exist.

## 2. Federal Question Jurisdiction

Plaintiffs' complaint alleges causes of action under Texas common law and does not purport to raise a federal question. Under the well-pleaded complaint rule, the Court looks only to the properly pleaded complaint to determine jurisdiction. *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir.1992) (citations omitted). However, "[t]he Court may have to examine pleadings filed by the defendant in order to determine whether the plaintiff's complaint is in fact 'well pleaded.'" *Id.* If the petition purports to invoke state law but would actually be governed by federal law because of the complete preemption of state law, federal jurisdiction will attach. *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). In this case the Court finds federal question jurisdiction because Plaintiffs' well-pleaded complaint raises issues of international relations which arise under federal common law.

Although there is "no federal general common law", the Supreme Court has recognized "the need and authority in some limited areas to formulate what has come to be known as 'federal common law'". *Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 640, 101 S.Ct. 2061, 2067, 68 L.Ed.2d 500 (1981) (citations omitted). As the Court explained:

[F]ederal common law exists ... [in areas] concerned with the rights and obligations of the United States ... [and in] international disputes implicating ... our relations with foreign nations.... In these instances, our federal system does not permit the controversy to be resolved under state law, either because the authority and duties of the United States as sovereign are intimately involved or because the ... international nature of the controversy makes it inappropriate for state law to control.

*Id.* at 641, 101 S.Ct. at 2067.

In this case SPCC operates its copper mines in Peru pursuant to concessions from the Peruvian government. SPCC's development of natural resources within Peru and operation of its facilities in that country are subject to regulation by the government of Peru. Additionally, the government of Peru requested leave to file an *amicus curiae* officially protesting this litigation, which this Court granted. The Court has considered said *amicus curiae* in ruling on Plaintiffs' Motion to Remand.

Prior Courts have found federal question jurisdiction under analogous facts. The plaintiffs in *Sequihua v. Texaco, Inc.*, 847 F.Supp. 61 (S.D.Tex.1994), were citizens of Ecuador who alleged that petroleum development in that nation had resulted in pollution injuring a large class of local inhabitants. The government of Ecuador regulated development of its natural resources and protested the exercise of jurisdiction by a United States court. The plaintiffs in *Sequihua*, as in this case, sought damages, made claims of nuisance and requested equitable relief. *Id.* at 62–63. In denying the plaintiffs' motion to remand, the court "note[d] that the Republic of Ecuador ha[d] officially protested th[e] litigation, asserting that it will do 'violence' to the international legal system." 847 F.Supp. at 62. Additionally, the court held:

Based upon the important foreign policy implications of this case, upon the international legal principle that each country has the right to control its own natural resources, and the strong opposition ex-

pressed by the Republic of Ecuador to this litigation, the Court finds without reservation that Plaintiff's state law claims, if well-pleaded, raise issues of international relations which implicate federal common law. Consequently, this court has federal question jurisdiction and the motion to remand must be denied.

847 F.Supp. at 63 (footnote omitted).

Similarly, *Grynberg Production Corp. v. British Gas, p.l.c.,* 817 F.Supp. 1338 (E.D.Tex.1993), involved a dispute over the development of mineral resources in a foreign nation (Kazakhstan) that objected to the United States' adjudication of the dispute. The court held that plaintiff's claims for equitable relief necessarily implicated the federal common law of international relations and permitted removal. *Id.* at 1356–59; *see also Banco Nacional de Cuba v. Sabbatino,* 376 U.S. 398, 425, 84 S.Ct. 923, 939, 11 L.Ed.2d 804 (1964) ("our relationships with other members of the international community must be treated exclusively as an aspect of federal law"); *Republic of Philippines v. Marcos,* 806 F.2d 344, 352 (2d Cir.1986) ("there is federal question jurisdiction over actions having important foreign policy implications"), *cert. denied,* 481 U.S. 1048, 107 S.Ct. 2178, 95 L.Ed.2d 835 (1987). The Court therefore finds Plaintiffs' Complaint arises under the federal common law of international relations.

## IV. CONCLUSION

For the above stated reasons, the Court finds federal question jurisdiction and DENIES Plaintiffs' Motion to Remand.