IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-60240
_____


CARLOS NICANOR ESPINOLA-E,

                              Plaintiff - Appellant-Cross-Appellee,

                    versus

COAHOMA CHEMICAL COMPANY, INC.,
Individually and as Successor
in Interest to Coahoma Chemical
Company, Inc.; AMVAC CHEMICAL
CORPORATION; SHELL OIL COMPANY;
DOW CHEMICAL COMPANY; OCCIDENTAL
CHEMICAL CORPORATION, Individually
and as successor to Occidental
Chemical Company and Occidental
Chemical and Agricultural Products,
Inc., Hooker Chemical and Plastics,
Occidental Company of Texas and
Best Fertilizer Company; CHIQUITA
BRANDS INTERNATIONAL, INC.; CHIQUITA
BRANDS, INC.; DEL MONTE FRESH
PRODUCE, N.A.,

                              Defendants-Appellees,

STANDARD FRUIT CO.; STANDARD FRUIT AND
STEAMSHIP; DOLE FOOD COMPANY; DOLE
FRESH FRUIT CO., INC.,

                    Defendants - Appellees-Cross-Appellants.

*************************************************************

_____

No. 98-60454
_____


AMILCAR BELTETON-RIVERA,

                    Plaintiff - Appellant-Cross-Appellee,

               versus

COAHOMA CHEMICAL COMPANY, INC., Individually
and as Successor-In-Interest to Coahoma
Chemical Company, Inc.; AMVAC CHEMICAL
CORPORATION; SHELL OIL COMPANY; DOW CHEMICAL
COMPANY; OCCIDENTAL CHEMICAL CORPORATION,
Individually and as Successor to Occidental
Chemical Company and Occidental Chemical and
Agricultural Products, Inc., Hooker Chemical
and Plastics, Occidental Chemical Company of
Texas and Best Fertilizer Company; STANDARD
FRUIT COMPANY; CHIQUITA BRANDS, INC.; DEL
MONTE FRESH PRODUCE, N.A.

                              Defendants-Appellees,

STANDARD FRUIT AND STEAMSHIP; DOLE FOOD
COMPANY; DOLE FRESH FRUIT COMPANY, INC.;
CHIQUITA BRANDS INTERNATIONAL, INC.,

                    Defendants - Appellees-Cross-Appellants.

*************************************************************


_____

No. 98-60467
_____


2

EULOGIO GARZON-LARRESTHEGUI,

                                Plaintiff - Appellant-Cross-Appellee,

                        versus

COAHOMA CHEMICAL COMPANY, INC., Individually
and as Successor-In-Interest to Coahoma
Chemical Company, Incorporated; AMVAC CHEMICAL
CORPORATION; SHELL OIL COMPANY; DOW CHEMICAL
COMPANY; OCCIDENTAL CHEMICAL CORPORATION,
Individually and as successor to Occidental
Chemical Company and Occidental Chemical and
Agricultural Products, Inc., Hooker Chemical
and Plastics, Occidental Chemical Company of
Texas and Best Fertilizer Company; STANDARD
FRUIT COMPANY; CHIQUITA BRANDS, INC.; DEL MONTE
FRESH PRODUCE, North America,

                                Defendants-Appellees,

STANDARD FRUIT AND STEAMSHIP; DOLE FOOD
COMPANY; DOLE FRESH FRUIT COMPANY;
CHIQUITA BRANDS INTERNATIONAL, INC.,

                                Defendants - Appellees-Cross-Appellants.

*****************************************************************

                        _____

                            No. 98-60510
                        _____

VALENTIN VALDEZ-C,

                                Plaintiff - Appellant-Cross-Appellee,

3

versus

COAHOMA CHEMICAL COMPANY, INC., Individually
and as Successor-In-Interest to Coahoma
Chemical Company, Inc.; AMVAC CHEMICAL
CORPORATION; SHELL OIL COMPANY; THE DOW
CHEMICAL COMPANY; OCCIDENTAL CHEMICAL
CORPORATION, individually and as successor
to Occidental Chemical Company and Occidental
Chemical and Agricultural Products, Inc.,
Hooker Chemical and Plastics, Occidental
Chemical Company of Texas and Best Fertilizer
Company; STANDARD FRUIT COMPANY; DEL MONTE
FRESH PRODUCE, N.A.,

                                    Defendants-Appellees,

STANDARD FRUIT AND STEAMSHIP; DOLE FOOD
COMPANY; DOLE FRESH FRUIT INTERNATIONAL;
CHIQUITA BRANDS INTERNATIONAL, INC.,

                        Defendants - Appellees-Cross-Appellants.

*****************************************************************

———————————————

No. 98-60646

———————————————

EDGAR ARROYO-GONZALEZ; ET AL.,

                                    Plaintiffs,

EDGAR ARROYO-GONZALEZ,

                        Plaintiff - Appellant-Cross-Appellee,

                    versus

4

COAHOMA CHEMICAL COMPANY, INC., Individually
and as Successor-In-Interest to Coahoma
Chemical Co., Inc.; AMVAC CHEMICAL CORPORATION;
SHELL OIL COMPANY; DOW CHEMICAL COMPANY;
OCCIDENTAL CHEMICAL CORPORATION, Individually
and as successor to Occidental Chemical Co. and
Occidental Chemical and Agricultural Products,
Inc., Hooker Chemical and Plastics, Occidental
Chemical Company of Texas and Best Fertilizer Co.;
STANDARD FRUIT CO.; CHIQUITA BRANDS, INC.;
CHIQUITA BRANDS INTERNATIONAL, INC.; DEL MONTE
FRESH PRODUCE, N.A.,

            Defendants-Appellees

STANDARD FRUIT AND STEAMSHIP COMPANY; DOLE
FOOD COMPANY, INC.; DOLE FRESH FRUIT COMPANY,

       Defendants - Appellees-Cross-Appellants.

---

Appeals from the United States District Court for the
Southern District of Mississippi, Biloxi
USDC Nos. 1:96-CV-360-RG, 1:96-CV-359-GR,
1:96-CV-361-G-R, 1:96-CV-362-G-R, & 1:96-CV-358-BrR

---

January 19, 2001

Before JOLLY and DAVIS, Circuit Judges, and RESTANI, Judge.[*]

PER CURIAM:[**]

---

  [*]Judge, U.S. Court of International Trade, sitting by designation.

  [**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This appeal is the consolidation of five individual lawsuits arising from the use of the pesticide dibromochloropropane ("DBCP") on banana plantations in Latin America. The plaintiffs, citizens of Ecuador, Panama, Guatemala and Costa Rica, and former banana plantation employees, brought suit in Mississippi state court against a variety of companies allegedly related to the plaintiffs' exposure to DBCP, including former DBCP manufacturers and distributors, and banana producers. The plaintiffs filed claims for negligence, conspiracy, strict liability, intentional tort, and breach of implied warranty. The defendants removed the suits to federal court based on diversity jurisdiction and federal question jurisdiction, claiming the suits involved the federal common law of foreign relations. The district courts found jurisdiction on both grounds, and dismissed the claims on the grounds of forum non conveniens.

The plaintiffs now appeal the failure to remand, arguing that the district courts erred in finding subject matter jurisdiction for removal based on either diversity or federal question jurisdiction. They also appeal the dismissal of Chiquita Brands and Standard Fruit Company for lack of personal jurisdiction, and the dismissal of all other defendants based on forum non conveniens. Chiquita Brands International, Standard Fruit and Steamship Company, Dole Food Company, and Dole Fresh Fruit Company

6

cross-appeal on the district courts' findings that they were subject to personal jurisdiction in Mississippi.

The district courts erred in finding federal question jurisdiction. Federal jurisdiction based on the common law of foreign relations is limited in scope; federal jurisdiction does not attach to every suit that involves foreign nationals. See, e.g., Marathon Oil Co. v. Rurgas, A.G., 115 F.3d 315, 320 (5th Cir. 1997) rev'd on other grounds, 526 U.S. 574 (1999); Aquafaith Shipping, Ltd. v. Jarillas, 963 F.2d 806, 808 (5th Cir. 1992). Although, as the defendants point out, the banana industry is an important segment of the economy in all of the countries at issue in these suits, these suits do not pose a threat to foreign sovereignty. None of the countries is a party to, or has protested, these particular lawsuits. Federal question jurisdiction does not exist here.

Although there is no federal question jurisdiction, this suit was properly removed to federal court based on diversity jurisdiction. Because the plaintiffs are all foreign nationals and the defendants are all citizens of a variety of different states, diversity jurisdiction would have existed if the suits had originally been filed in federal court. See 28 U.S.C. § 1332. Removal is therefore appropriate under 28 U.S.C. § 1441. Although defendants who are residents of the state where the action was

filed cannot remove to federal court under § 1441(b), we agree with the district court that the only Mississippi defendant, Coahoma Chemical Company, was improperly served and fraudulently joined.

Because a binding stipulation that a plaintiff will not accept damages in excess of the jurisdictional amount defeats diversity jurisdiction, however, we remand the Espinola-E suit, No. 98-6240, to the district court for a determination on whether the stipulation that was filed with the complaint, claiming damages of no more than $50,000, is binding. If the district court finds that Espinola-E executed a binding stipulation, we direct the court to remand the case to the state courts. If the district court does not find a binding stipulation, we direct the court to dismiss the case on the grounds of forum non conveniens.

For the reasons given by the district court, we affirm the findings and holdings on personal jurisdiction and the dismissal of all claims for which there is jurisdiction on the grounds of forum non conveniens.

The judgment of the district court is AFFIRMED, except as to Espinola-E, whose case is REMANDED to the district court for further proceedings consistent with this opinion.

AFFIRMED and REMANDED.